No. 48,499

CITY OF OVERLAND PARK, KANSAS, *Appellee,* v. DAVID MATTHEW RICE, *Appellant.*

(567 P.2d 1382)

Opinion filed July 11, 1977.

*David R. Gilman,* of Overland Park, argued the cause, and was on the brief for the appellant.

*Helen Mountford,* assistant city attorney, argued the cause, and *Sheldon M. Crossette,* assistant city attorney, was with her on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant-appellant, David Matthew Rice, was convicted of a violation of Ordinance TC-610, Sec. 151, of the City of Overland Park which reads as follows:

"Driving While License Canceled, Suspended or Revoked; Penalty. Any person who drives a motor vehicle on any public highway of this city *at a time when his privilege so to do is* canceled, *suspended* or revoked shall upon conviction be punished by imprisonment for not more than six (6) months and there may be imposed in addition thereto a fine of not more than five hundred dollars ($500). Provided, That every person convicted under this section shall be sentenced to at least five (5) days imprisonment and upon a second such conviction shall not be eligible for parole until completion of five (5) days imprisonment." (Emphasis supplied.)

This city ordinance is closely patterned after K.S.A. 1972 Supp. 8-262. The facts in the case are not in dispute and are essentially as follows: On July 27, 1972, Officer Curtis of the Overland Park Police observed the defendant Rice asleep in his car in a restau-

rant parking lot. He told defendant to go home. Defendant stated that he did not have a driver's license. Arrangements were made for a third person to drive defendant home. A short while later, Curtis saw the third person get out of the car and at this point defendant began to drive. Curtis stopped him and asked for his license, which he did not have. Defendant was arrested and charged with driving without a license. This charge was later amended to driving at a time when his license was suspended. The defendant was found guilty in municipal court of the amended charge and appealed to the district court. There a jury found him guilty and this appeal followed.

On this appeal the defendant challenges the validity of his conviction, contending in substance that the period of suspension of his license to drive had already expired on July 27, 1972, when he drove his motor vehicle and therefore he could not be guilty of a violation of the city ordinance. In order to determine this issue we must first examine the order of suspension which was issued by the Kansas division of vehicles and mailed to and received by the defendant Rice. It provided in pertinent part as follows:

"October 4, 1971

"ORDER OF SUSPENSION
"OF PRIVILEGES TO OPERATE A MOTOR VEHICLE IN KANSAS
"To: David M. Rice
    8546 Riggs
    Shawnee Mission, Kansas 66212

"BY AUTHORITY OF THE GENERAL STATUTES OF KANSAS, It has been determined from the records of this department that your privilege to operate a motor vehicle in the State of Kansas should be and is hereby suspended for the following reasons:

"YOU ARE A HABITUAL VIOLATOR OF THE TRAFFIC LAWS.
"ACTION: SUSPENDED    STATUTORY AUTHORITY: KSA 8-255 (3)
" . . . . . .
"LENGTH OF SUSPENSION: 60 DAYS

"*PLEASE NOTE:* Although this order is effective as of this date and you can no longer legally operate a motor vehicle upon receipt hereof, *the period of suspension runs from the date the department receives your license.*

"It is important that you surrender your license immediately, to this department, so that you will not incur further or additional penalties, and that you do not drive or attempt to drive a motor vehicle on the highways of this state, *even when accompanied by a licensed driver,* until your driving privileges have been reinstated as provided by Law.

"THIS ORDER IS EFFECTIVE AS OF THIS 4th DAY OF OCTOBER, 1971.

"By: /s/Clarence W. McKay
"Clarence W. McKay, Administrator
"Driver Control Division
"Motor Vehicle Department"

It should be noted that the order of suspension states that it is effective as of October 4, 1971, and that the length of suspension is 60 days. The order then goes on to state that "the period of suspension runs from the date the department receives your license." We must first determine the construction to be given to the order of suspension as required by the pertinent Kansas statutes as they existed on July 27, 1972, when the offense charged allegedly occurred. At that time the revocation and suspension of motor vehicle driver's licenses were governed by the motor vehicle driver's license act. (K.S.A. 1972 Supp. 8-234 thru K.S.A. 8-271.) Some of these statutes have since been amended in 1974, 1975, and 1976. The division of vehicles is given authority by statute to revoke an operator's license (K.S.A. 1972 Supp. 8-254) and also to suspend an operator's license for certain actions or violations (K.S.A. 1972 Supp. 8-255). In this case the order of suspension was issued for the reason that the defendant was found by the division to be a habitual violator of the traffic laws, having been convicted of three moving traffic violations within the calendar year 1971. The phrase "suspension of driver's license" is defined in the following language in K.S.A. 1972 Supp. 8-234 (r):

"8-234. **Definitions.** The following words and phrases when used in this act shall, unless the context otherwise requires, have the meanings respectively ascribed to them in this section.

". . . . . . .

"(r) 'Suspension of driver's license.' The temporary withdrawal by formal action of the division of vehicles of a person's driver's license or privilege to operate a motor vehicle on the public highways, which temporary withdrawal shall be for a period specifically designated by the division of vehicles."

One issue to be determined is whether or not the order of suspension dated October 4, 1971, complied with the requirement of 8-234 (r) that the temporary withdrawal of the privilege to operate a motor vehicle shall be "*for a period specifically designated by the division of vehicles.*" We have concluded that the order of suspension of October 4, 1971, must be construed as a suspension of license only for the period between the date of the order, October 4, 1971, and December 3, 1971, when the 60 days of suspension would expire. The term "designate" is defined in Black's Law Dictionary, 4th ed., as meaning "to indicate or set

apart for a purpose or duty— . . ." (p. 533.) "Specifically" is defined in the same volume to mean "in a specific manner; explicitly, particularly, definitely. . . ." (p. 1571.) The legislature, by requiring the period of suspension to be "specifically designated," in our judgment intended that the formal order of suspension state with particularity the beginning date and the ending date of the period of suspension. If an original order of suspension is later modified either at an administrative hearing of the division under the provisions of K.S.A. 1972 Supp. 8-255 (*b*) or after an appeal has been perfected and determined in the district court under the provisions of K.S.A. 8-259, a supplemental order should be issued by the division setting forth the new period of suspension as modified. It is not in compliance with the statute for the order to provide that the period of suspension shall run from the date the division receives the person's operator's license. Such an indefinite period of suspension in our judgment does not comply with the legislative mandate that the suspension shall be for "a period specifically designated by the division of vehicles."

8-234 should be construed to require that a suspension of a driver's license be made only by a formal order of the division of vehicles in which the period of suspension is specifically designated with a beginning date and an ending date so that no reference is required to be made to the happening of some future event or to some outside document. Driving on a suspended license is not only a violation of many city ordinances but is also a violation of K.S.A. 8-262. Under 8-262 driving on a suspended driving license is a class B misdemeanor on the first conviction, a class A misdemeanor on the second conviction, and a class E felony for a third and subsequent convictions. Furthermore the statute requires that upon conviction the trial court shall sentence the defendant to at least five (5) days imprisonment and to pay a fine of at least one hundred dollars ($100) and upon a second or subsequent conviction he shall not be eligible for parole until completion of five (5) days imprisonment. We believe that construing the language of 8-234 so as to require the formal order of suspension to state the beginning date and ending date of the suspension will enable the defendant to know without question the period during which his license has been suspended, will in the usual case make it unnecessary for the court to delve into the

internal proceedings of the division of vehicles, and further will enable the courts of this state and other states to know exactly when the period of suspension was.

The city argues that it is necessary to make the period of suspension run from the date the division actually receives the person's operator's license because otherwise he will not surrender it to the division of vehicles. In this regard we note that under K.S.A. 8-260 it is a misdemeanor for any person to have in his possession any suspended driver's license or to fail or refuse to surrender to the division upon its lawful demand any driver's license which has been suspended. If the person whose license has been suspended refuses to surrender his license, he may be charged with a violation of that statute. We suggest that when the division of vehicles sends an order of suspension to a citizen that it include therein a notice that a failure to surrender an operator's license after demand of the division constitutes a violation of K.S.A. 8-260. In view of our interpretation of 8-234 it follows that the portion of the order of suspension dated October 4, 1971, which states that the period of suspension runs from the "date the department receives your license" is null and void. Hence the period of suspension in the present case ran from October 4, 1971, the date the order was effective, until the expiration of 60 days thereafter, December 3, 1971. In the present case the defendant Rice was charged and convicted of driving a motor vehicle on a suspended license on July 27, 1972. The defendant was entitled to be discharged since it was not shown that he drove a motor vehicle during the period his license was suspended.

The city in its brief relies upon K.S.A. 1972 Supp. 8-257 which requires the division, upon suspending or revoking a license, to require that such license shall be surrendered to and retained by the division except that at the end of the period of suspension the license shall be returned to the licensee. It maintains that since the defendant's license had never been surrendered or returned to the defendant on July 27, 1972, the date he was arrested, he must be guilty of driving while his license was suspended. We do not agree. K.S.A. 1972 Supp. 8-262 and the city ordinance involved in this case make it an offense for a person to drive a motor vehicle only at a time when his privilege to do so is suspended. This is a criminal statute and ordinance and must be strictly construed. Applying a strict construction it cannot be said that the defendant

Rice was driving a vehicle at a time when his privilege to drive was suspended. We note that in order to clarify the situation the legislature in 1974 amended 8-262 to add a proviso that no person shall be convicted under 8-262 if such person is entitled under K.S.A. 8-257 to the return of his license. We believe that this 1974 amendment expresses the intention of the legislature when 8-262 was originally enacted and that the statute as it existed on July 27, 1972, should be construed to express the same intent. It necessarily follows from our construction of the statute that the defendant was entitled to be discharged, since the city failed to show that he was driving a motor vehicle at a time when his license was suspended.

The next question submitted by the parties as an issue to be determined on the appeal is whether the trial court erred in admitting into evidence the narrative report of the division of vehicles which set forth in detail the defendant's prior driving record, including prior convictions of failure to stop at a stop sign and making an illegal turn. Although our disposition of the first point determines the case, we believe that it would be helpful to the division of vehicles and to the courts to clarify the procedure to be followed in proving a period of suspension of the privilege to drive a motor vehicle in prosecutions brought under K.S.A. 8-262 and comparable city ordinances. As noted above 8-234 requires the suspension of a person's driver's license to be "by formal action of the division of vehicles." Formal action requires a formal *order* of suspension by the division of vehicles. The division's record of such an order would constitute an official record within the meaning of 60-460 (*o*) which provides as follows:

"**60-460. Hearsay evidence excluded, exceptions.** Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

". . . . . . . . .

"*(o) Content of official record.* Subject to K.S.A. 60-461, (1) if meeting the requirements of authentication under K.S.A. 60-465, to prove the content of the record, a writing purporting to be a copy of an official record or of an entry therein, (2) to prove the absence of a record in a specified office, a writing made by the official custodian of the official records of the office, reciting diligent search and failure to find such record;"

In proving a period of suspension this rule of evidence requires the introduction of a formal order of suspension authenticated in

a manner which meets the requirements of K.S.A. 60-465. A properly authenticated copy of the order of suspension, unappealed from and final, is sufficient to show a period of suspension in a prosecution for driving on a suspended license. Other documentary materials in the files of the division of vehicles, which furnished to the division its justification for the suspension, are ordinarily immaterial and irrelevant and should not be admitted in evidence in the criminal action in the absence of unusual circumstances. Any statements to the contrary made in *State v. Harkness,* 189 Kan. 581, 370 P.2d 100, are disapproved and should not be followed.

The last two questions which have been submitted on the appeal essentially involve the propriety of the district court's action in appointing counsel for the defendant and in not finding that the defendant's indigency had terminated. There is nothing in the record to show that a final order has been entered allowing defendant an attorney fee. We have concluded that the issue is not properly before the court at this time and, therefore, we decline to consider these questions on this appeal.

For the reasons set forth above the judgment of the district court is reversed and it is ordered that the defendant be discharged from further prosecution in this case.