No. 61,769

STATE OF KANSAS, *Appellant*, v. MARK HUDON, *Appellee*.

(763 P.2d 611)

Opinion filed October 28, 1988.

*Joe Cosgrove*, assistant district attorney, argued the cause, and *Thomas Kelly Ryan*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

MCFARLAND, J.: In this appeal by the State, we are asked to determine two issues. Appellate jurisdiction of the first issue is claimed under K.S.A. 1987 Supp. 22-3602(b)(1), that is, an appeal "[f]rom an order dismissing a complaint, information or indictment." Appellate jurisdiction of the second issue is claimed under K.S.A. 1987 Supp. 22-3602(b)(3), that is, an appeal "upon a question reserved by the prosecution."

The journal entry filed herein states that Count II of the complaint (driving a motor vehicle while driving privileges are suspended, K.S.A. 1987 Supp. 8-262) was dismissed by the district court. The record shows conclusively that this is an incorrect statement. At the close of the State's evidence in the jury trial herein, the trial court sustained defendant's motion for judgment of acquittal as to Count II. We held in *State v. Whorton*, 225 Kan. 251, Syl. ¶ 4, 589 P.2d 610 (1979), that no appeal lies from a judgment of acquittal. In *Whorton*, the trial judge had even designated his action as a dismissal, but we held the trial judge's characterization of his own action does not control the classification thereof. We conclude we have no jurisdiction to determine the first issue raised herein.

The second question was specifically reserved by the prosecution and is properly before us under the authority of K.S.A. 1987 Supp. 22-3602(b)(3). Whether we should entertain the ap-

peal on the question reserved must now be determined. It has long been the rule of this court that questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether or not error has been committed by the trial court in its rulings adverse to the State. *State v. Adee*, 241 Kan. 825, 826, 740 P.2d 611 (1987); *State v. Willcox*, 240 Kan. 310, Syl. ¶ 1, 729 P.2d 451 (1986); *State v. Holland*, 236 Kan. 840, Syl. ¶ 1, 696 P.2d 401 (1985); *State v. Glaze*, 200 Kan. 324, Syl. ¶ 1, 436 P.2d 377 (1968). Appeals on questions reserved by the State have been generally accepted where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. *State v. Glaze*, 200 Kan. at 325. We have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent. *State v. Holland*, 236 Kan. at 841.

The question reserved is the propriety of a trial court's determination that, under the Nonresident Violator Compact of 1977 (Compact) (K.S.A. 8-1219), the division of motor vehicles could not suspend Hudon's driver's license for more than one year by virtue of the language contained in K.S.A. 1987 Supp. 8-256(a), and that the no-date-certain period of suspension was violative of the specifically designated period of suspension requirement of K.S.A. 8-1474. The Compact has not previously been before us. The question herein may well arise in other prosecutions, and we believe it is of sufficient statewide interest to warrant our determination thereof.

A summary of the background facts is appropriate at this point. Defendant Mark Hudon is a resident of Kansas. On January 11, 1986, Mr. Hudon was ticketed for speeding in Kansas City, Missouri. He neither appeared in court as required or paid his $37.00 fine.

Kansas and Missouri are both members of the Nonresident Violator Compact, a multi-state means of dealing with drivers who violate the traffic laws of another state. In Kansas the Compact is codified at K.S.A. 8-1219. Defendant's failure to comply with the citation triggered the operation of the Compact. Ultimately, The State of Missouri reported to the Kansas Department of Revenue that Mark Hudon, possessor of a valid Kansas driver's license, had failed to appear in court to pay his fine and costs within the specified time frame. Based upon this

notice, the Kansas Department of Revenue withdrew Hudon's driving privileges by suspending his driver's license pursuant to K.S.A. 8-1219 "until Ticket is satisfied." The date of withdrawal of driving privileges was June 17, 1986. The Division of Vehicles of the Department of Revenue notified Hudon of its action on June 17, 1986, by mailing same to Hudon's last known address, according to division records, at 2225 Ball Lane, Kansas City, Kansas 66103.

On July 20, 1987, some 13 months later, Hudon was stopped in Johnson County after driving erratically at a high speed. He was arrested and charged the next day with one count of driving under the influence of alcohol (K.S.A. 1987 Supp. 8-1567), one count of driving while license cancelled, suspended, or revoked (K.S.A. 1987 Supp. 8-262), and one count of obstructing legal process or official duty (K.S.A. 21-3808). In the resultant jury trial, Hudon was convicted of obstruction of legal process (Count III) and was granted a judgment of acquittal on the suspended license charge (Count II), but the jury was unable to reach a verdict on the DUI charge (Count I). Subsequently, the State dismissed the DUI charge.

The relevant portion of the Compact is contained in Section (a) of Article IV thereof, as follows:

"Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, *to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority.* Due process safeguards will be accorded." (Emphasis supplied.)

K.S.A. 1987 Supp. 8-256(a) provides:

"The division shall not suspend a person's license to operate a motor vehicle on the public highways for a period of more than one year, except as permitted under K.S.A. 40-3104 and 40-3118, and amendments thereto, and K.S.A. 8-262, 8-1219, 8-2107 or 8-2110, and amendments thereto."

K.S.A. 8-1474 defines "suspension of a driver's license" as follows:

" 'Suspension of a driver's license' means the temporary withdrawal by formal action of the division of a person's license or privilege to operate a motor vehicle on the highways, which temporary withdrawal shall be for a period specifically designated by the division."

The trial court held that the division of motor vehicles could

not suspend Hudon's driver's license for more than one year by virtue of the language contained in K.S.A. 1987 Supp. 8-256(a), and that the no-date-certain period of suspension was violative of the specifically designated period of suspension requirement of K.S.A. 8-1474. In support thereof, the trial court relied on *City of Overland Park v. Rice*, 222 Kan. 693, 567 P.2d 1382 (1977). In *Rice*, the motorist was convicted of driving while his license was suspended. On appeal, he challenged the conviction contending the period of his suspension had expired at the time of a later incident and, therefore, he could not be guilty of the alleged violation. The length of the suspension was 60 days. The Kansas Division of Motor Vehicles' order of suspension stated the "period of suspension runs from the date the department receives your license." 222 Kan. at 694.

We reversed the conviction, finding that portion of the order referring to the beginning of the suspension "from the date the department receives your license" to be null and void, reasoning that the statutory definition of "suspension of driver's license," (K.S.A. 1972 Supp. 1972 Supp. 8-234[r]; repealed L. 1975, ch. 36, § 33) which called for the "temporary withdrawal . . . for a period specifically designated by the division of vehicles" should be construed "to require that a suspension of a driver's license be made only by a formal order of the division of vehicles in which the period of suspension is specifically designated with a beginning date and an ending date so that no reference is required to be made to the happening of some future event or to some outside document." 222 Kan. at 696. The Compact was not involved in the *Rice* case.

The whole purpose of the Compact is to compel the nonresident violator to make his or her peace with the issuing jurisdiction by paying the fine or contesting the action to a final resolution. The Compact is codified in K.S.A. 8-1219, and K.S.A. 8-1219 is specifically excepted from the one-year maximum suspension of driver's licenses contained in K.S.A. 1987 Supp. 8-256(a).

Section (a) of Article IV of the Compact mandates that the period of suspension shall run "until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority." Clearly, the burden is on the motorist to provide the evidence of compliance necessary to end the suspension. Reading K.S.A. 8-1219 and

8-1474 together, the legislative intent, consistent with the purposes of the Compact, is that the period of suspension in Compact cases shall be specifically designated as running from the date of suspension until satisfactory evidence of compliance is presented. The period of suspension imposed by the division of motor vehicles herein was clearly within its statutory authority, and the trial court erred in holding otherwise.

The State's appeal on the question reserved is sustained. The State's appeal from the judgment of acquittal is denied for lack of jurisdiction.