No. 63,645

STATE OF KANSAS, *Appellant*, v. TYRONE J. PRICE, *Appellee*.

(795 P.2d 57)

Opinion filed July 13, 1990.

R. *Douglas Sebelius*, county attorney, argued the cause and was on the brief for the appellant.

*Thomas H. Johnson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: The State appeals, pursuant to K.S.A. 22-3602(b)(3), on a question reserved: Whether the trial court erred in ruling that the defendant's statement to an agent of the Kansas Bureau of Investigation would not be admissible at trial.

Defendant Price was charged with a rape which occurred at the Norton State Hospital. Price was an inmate of the Norton Correctional Facility at the time and was identified by the victim as her assailant. In his statement to KBI Agent Blecha, he ad-

mitted talking to the victim during his work shift at the hospital but denied having sexual intercourse with her.

The trial court held a hearing on the admissibility of the statement outside the presence of the jury. Price was already in custody, serving a sentence, at the time the statement was taken by KBI Agent Blecha. Prior to taking the statement, Agent Blecha recited the *Miranda* warnings to the defendant from memory. As we said in *State v. Prince*, 227 Kan. 137, 605 P.2d 563 (1980):

"The purpose of a *Jackson v. Denno* hearing is to determine the voluntariness of a statement or confession. Factors bearing on the voluntariness of a statement by an accused include the duration and manner of the interrogation; the ability of an accused on request to communicate with the outside world; the accused's age, intellect, and background; and the fairness of the officers in conducting the interrogation. The essential inquiry in determining the voluntariness of a statement is whether the statement was the product of the free and independent will of the accused." 227 Kan. 137, Syl. ¶ 4.

*Miranda v. Arizona*, 384 U.S. 436, 479, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), sets forth a bright line rule listing the procedural safeguards which must be followed in custodial interrogation before a statement thus obtained from a criminal defendant is, pursuant to the Fifth and Sixth Amendments, constitutionally admissible at trial:

"[A defendant] must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. *Opportunity to exercise these rights must be afforded to him throughout the interrogation.* After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." 384 U.S. at 479. (Emphasis supplied.)

At another point in the opinion, the Court states that, although the suspect may voluntarily waive the rights made known to him,

"[i]f . . . he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. . . . The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted

with an attorney and thereafter consents to be questioned." 384 U.S. at 444-45.

"[W]here in-custody interrogation is involved, there is no room for the contention that the privilege is waived if the individual answers some questions or gives some information on his own prior to invoking his right to remain silent when interrogated." 384 U.S. at 475-76.

That law enforcement agencies understand the spirit of *Miranda* is shown by the standard KBI and FBI warnings, which go beyond the letter of the law. The KBI warning reads:

"1. You have the right to remain silent.
"2. Anything you say can and will be used against you in a court of law.
"3. You have the right to talk to a lawyer and have him present with you while you are being questioned.
"4. If you cannot hire a lawyer, the court will appoint one for you.
"5. *You can decide at anytime to exercise these rights and not answer any questions or make any statements.*" (Emphasis supplied.)

The FBI warning is even more complete:

"Before we ask you any questions, you must understand your rights.
"You have the right to remain silent.
"Anything you say can be used against you in court.
"You have the right *to talk to a lawyer for advice before we ask you any questions* and to have a lawyer with you during questioning.
"If you cannot afford a lawyer, one will be appointed for you *before any questioning* if you wish.
"If you decide to answer questions now without a lawyer present, *you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.*" (Emphasis supplied.)

Agent Blecha testified that he gave Price the following warning:

"You have the right to remain silent. Anything you say can be used against you in a court of law, and the right to have an attorney present when I talked to him, and if you couldn't afford an attorney one would be appointed for you by the proper authority."

The interview was not taped. Price was not advised of his rights in writing, and he was not asked to sign a written *Miranda* waiver, although the agent knew that such forms were available through the KBI. Price was not told that if he wanted an attorney one would be provided for him before any questioning, and he was not told that if· he asked for an attorney the questioning would stop.

At the conclusion of the hearing, the trial court, without giving its reasoning, held that Price's statement would not be admitted into evidence. The journal entry of judgment, however, states that the statement was "suppressed as involuntarily made on the basis that the defendant was not advised that he may rescind his right to remain silent at any time and terminate the interview."

We have frequently upheld a trial court's orders admitting statements after the giving of warnings which substantially complied with the *Miranda* guidelines. See, for example, *State v. Meeks*, 205 Kan. 261, 469 P.2d 302 (1970), and *State v. Phinis*, 199 Kan. 472, 430 P.2d 251 (1967). Here, the trial court was well aware of the circumstances under which defendant was interrogated and presumably with the officers conducting the interrogation. The defendant was already in custody, serving a sentence. There was no reason for hurry; the standard KBI warning was readily available, yet was not used. The defendant's age, intellect, and background were perhaps known or apparent to the trial court but are not indicated in the record on appeal. Thus, the entire factual picture which was before the trial court is not before this court. Under the circumstances of this case, we cannot find error in the trial court's determination that the statement was inadmissible.

As we noted in *State v. Chittenden*, 212 Kan. 178, 179, 510 P.2d 152 (1973), "Every situation involving the questioning of suspects and giving of *Miranda*-type warnings is unique and the variation of details is endless. Each must be handled by the police and courts on an individual basis and not according to a mechanical or pat formula." The defendant in this case, as in *Chittenden*, cannot be retried. Most law enforcement personnel throughout this state use the KBI or FBI warnings, which are printed on cards carried by the officers and are widely circulated and available. Those warnings, as demonstrated above, are much more complete than was the warning given to defendant Price.

Questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether or not error has been committed by the trial court. Appeals on questions reserved have generally been accepted where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. Conversely, we have

uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent. *State v. Hudon*, 243 Kan. 725, 726, 763 P.2d 611 (1988).

We find nothing in this case which would provide helpful precedent to the bench, bar, or law enforcement personnel throughout this state. The State's appeal is therefore denied.