No. 67,878

STATE OF KANSAS, *Appellant,* v. TYRONE MARSHALL, *Appellee.*

(845 P.2d 659)

Opinion filed January 22, 1993.

*Thomas P. Alongi,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*John L. Swarts III,* of Junction City, argued the cause and *Kelly S. Hodge,* of Junction City, was with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal by the State on a question reserved pursuant to K.S.A. 22-3602(b)(3).

On November 3, 1991, Tyrone Marshall was stopped for speeding by a Kansas highway patrolman operating in Geary County. A driver's license check on Marshall's Louisiana license revealed that the license had been suspended. Marshall was charged with speeding (K.S.A. 8-1336[a][3]) and driving while his license was suspended (K.S.A. 8-262[a][1]). The Geary County Attorney's Office requested specific license information from Louisiana, including the record, order of suspension, and proof of mailing of the order to defendant. Louisiana complied by sending a packet of information. Included therein was a record showing the license had been suspended pursuant to the Nonresident Violator Compact (Compact) (La. Rev. Stat. Ann. Tit. 32 § 1441 *et seq.* [West 1989]). In Kansas the Compact is found at K.S.A. 8-1219. Louisiana suspended the license based upon a report from Illinois that defendant had failed to appear on a speeding charge.

The case was called for trial before a district magistrate judge on December 16, 1991. Only the driving while license suspended charge was contested. Defendant was convicted on both charges but appealed only the driving while license suspended charge to the district court.

The trial before the district court was held on February 18, 1992. The parties stipulated to the following facts: (1) Prior to the date in the complaint, the State of Louisiana suspended the defendant's driver's license; (2) the defendant drove his vehicle in Geary County, Kansas, on the date alleged; (3) the State had requested a certified driver's record including proof of mailing to defendant of the order of suspension; and (4) the packet received from Louisiana contained no certificate of mailing of the suspension order to the defendant. The court held that the lack of proof of mailing was a fatal deficiency in the State's case and entered its order of acquittal. The State appeals, on a question reserved, from the court's order relative to the need for the State to prove mailing of the Louisiana order to the defendant.

In *State v. Price*, 247 Kan. 100, 103-04, 795 P.2d 57 (1990), we held:

"Questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to demonstrate whether or not error has been committed by the trial court. Appeals on questions reserved have generally been accepted where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. Conversely, we have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent. *State v. Hudon*, 243 Kan. 725, 726, 763 P.2d 611 (1988)."

We are satisfied that the issue presented herein meets the criteria warranting review.

The notice in question was issued by the State of Louisiana Department of Public Safety and Corrections and states:

"DATE OF THIS NOTICE 05/11/91
OID/011624/001
"OFFICIAL NOTIFICATION ON WITHDRAWAL OF
DRIVING PRIVILEGES

"MARSHALL TYRONE
6432 EADS ST
NEW ORLEANS LA 70122

"LICENSE NO. 005569772
CITATION NUMBER 0000905111
VIOLATION OUT OF STATE AFFIDAVITS
VIOLATION DATE 12/20/90
COURT ILLINOIS

"THIS STATE FORMALLY ENTERED INTO THE NON-RESIDENT VIOLATOR'S COMPACT AS PROVIDED BY R.S.32:1441 THROUGH R.S.32:1446, EFFECTIVE JANUARY 1, 1976.

"THIS OFFICE HAS BEEN NOTIFIED BY A MEMBER STATE THAT YOU FAILED TO APPEAR IN THE CLERK OF THE CIRCUIT CT. BOX 116, MOUND CITY, IL 62063 (618) 784-9300 (VIOLATION: SPEEDING) SEQ #1 AS REQUIRED BY LAW.

"IF FOR SOME REASON THE INFORMATION FROM THIS STATE IS INCORRECT, YOU HAVE 30 DAYS FROM THE DATE OF THIS NOTICE BEFORE SUSPENSION OF YOUR OPERATOR'S LICENSE IS IMPOSED, TO FURNISH THIS OFFICE WITH WRITTEN EVIDENCE FROM THE ABOVE MENTIONED COURT THAT YOU APPEARED OR A LETTER OF CLEARANCE FROM THE ABOVE STATE'S LICENSING AUTHORITY OR REQUEST AN ADMINISTRATIVE HEARING IF INFORMAL RESOLUTION CANNOT BE MADE IN THIS MATTER. THIS HEARING REQUEST MUST BE MADE IN WRITING TO THIS OFFICE AND MAY INVOLVE ADMINISTRATIVE COSTS TO YOU.

"AFTER COMPLYING, YOU MUST REMIT A $60.00 REINSTATEMENT FEE MADE PAYABLE TO THE OFFICE OF MOTOR VEHICLES IN THE FORM OF A CASHIER'S CHECK, CERTIFIED CHECK OR MONEY ORDER. PLEASE DO NOT SEND CASH OR PERSONAL CHECKS.

"FAILURE TO COMPLY WITH THE ABOVE WILL RESULT IN ENFORCEMENT ACTION."

Defendant contends the district court was correct in holding that the State was required to prove that Louisiana sent this notice to him. The State argues that although it requested proof of mailing, the fact Louisiana did not provide same is not fatal to its case. Further, the State argues the attested notice is prima facie evidence of its having been mailed to the defendant.

We have not previously had this issue before us, and neither of the parties' briefs nor our research has disclosed any cases from other jurisdictions determining this precise issue.

In *State v. Moffett,* 240 Kan. 406, 728 P.2d 1330 (1986), and *State v. Jones,* 231 Kan. 366, 644 P.2d 464 (1982), we discussed the notice requirements of K.S.A. 8-255(b) when the State of Kansas suspends a Kansas driver's license. Such cases are inapplicable herein. The Compact was not involved in either case. Further, we are not concerned herein with the suspension of a Kansas driver's license or Kansas procedures for taking such action.

Of more significance is *State v. Hudon,* 243 Kan. 725, 763 P.2d 611 (1988). In *Hudon,* defendant had a Kansas driver's license. Defendant's failure to appear for a Missouri speeding citation resulted in Kansas being notified thereof by Missouri pursuant to the Compact of which both states were members. Kansas then suspended Hudon's driving privileges pursuant to K.S.A. 8-1219 "until Ticket is satisfied." Hudon was subsequently arrested in Johnson County for DUI and other charges, including driving on a suspended license. The district court acquitted Hudon on the driving while license suspended charge on the basis the division of motor vehicles could not suspend Hudon's driver's license for more than one year by virtue of the language contained in K.S.A. 1987 Supp. 8-256(a), and that the no-date-certain period of suspension was violative of the specifically designated period of suspension requirement of K.S.A. 8-1474 (Ensley).

In entering its judgment of acquittal in *Hudon,* the district court relied upon *City of Overland Park v. Rice,* 222 Kan. 693, 567 P.2d 1382 (1977), wherein we reversed a driving while license suspended conviction because the period of suspension in the suspension order did not have specific beginning and ending dates as required by K.S.A. 1972 Supp. 8-234(r) (repealed L. 1975, ch. 36, § 33).

We noted that the district court's reliance on *Rice* was misplaced as the Compact was not involved therein. We then held:

"The whole purpose of the Compact is to compel the nonresident violator to make his or her peace with the issuing jurisdiction by paying the fine or contesting the action to a final resolution. The Compact is codified in K.S.A. 8-1219, and K.S.A. 8-1219 is specifically excepted from the one-year

maximum suspension of driver's licenses contained in K.S.A. 1987 Supp. 8-256(a).

"Section (a) of Article IV of the Compact mandates that the period of suspension shall run 'until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority.' Clearly, the burden is on the motorist to provide the evidence of compliance necessary to end the suspension. Reading K.S.A. 8-1219 and 8-1474 together, the legislative intent, consistent with the purposes of the Compact, is that the period of suspension in Compact cases shall be specifically designated as running from the date of suspension until satisfactory evidence of compliance is presented. The period of suspension imposed by the division of motor vehicles herein was clearly within its statutory authority, and the trial court erred in holding otherwise." 243 Kan. at 728-29.

The license involved herein was issued by the State of Louisiana, and the license was subsequently suspended by the issuing state under authority of the Compact as a result of defendant's failure to appear on an Illinois speeding charge.

The attested documents submitted by Louisiana are regular on their face. They show Illinois and Louisiana are both members of the Compact. The Illinois documents attached thereto show a legitimate basis for triggering the Compact provisions for license suspension in Louisiana. The Official Notification on Withdrawal of Driving Privileges appears to be legally sufficient under the Compact. It was addressed to defendant at the address shown on the Illinois complaint. Defendant argues, and the district court found, the State of Kansas had to prove Louisiana did, in fact, mail the notice to defendant in order to convict the defendant for driving in Kansas on a suspended license. We do not agree. Such an interpretation would defeat the purpose of the Compact which is to force nonresident violators to make their peace with the issuing state.

The license check herein revealed the Louisiana license presented to the arresting officer had been suspended by its issuer. The documents submitted by Louisiana to the Geary County Attorney's Office established the suspension. To require the Geary County Attorney to prove the whole procedure employed in the suspension would nullify the purpose of the Compact. Kansas is in no position to conduct an independent investigation as to such matters as Louisiana's actual mailing of the notice, defendant's proper mailing address for a notice of suspension,

etc. Full faith and credit must be afforded the acts of Louisiana herein. Defendant must make his peace with Louisiana.

We conclude the district court erred in holding that the State's case was fatally defective for failure to introduce a certificate of mailing showing the notice of suspension had, in fact, been mailed to the defendant by the State of Louisiana.

The State's appeal on the question reserved is sustained.