No. 78,381

STATE OF KANSAS, *Appellee*, v. CALLIE JANE THOMAS, *Appellant*.

(970 P.2d 986)

Opinion filed December 11, 1998.

*Craig H. Durham*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*John L. Swarts, III*, county attorney, argued the cause, and *Cline I. Boone*, assistant county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case presents the question of whether our holding in *State v. Lewis*, 263 Kan. 843, 953 P.2d 1016 (1998), that knowledge of status as a habitual violator is a required element of driving while a habitual violator under K.S.A. 1997 Supp. 8-287 applies to the felony charge of driving while license suspended under K.S.A. 1997 Supp. 8-262(a)(1)(C). On petition for review, we agree with the Court of Appeals that *Lewis* applies and affirm.

On January 7, 1996, defendant Callie Thomas was stopped by a Kansas Highway Patrol trooper. An identification check revealed that her Oklahoma driver's license was suspended. Based on two prior Oklahoma convictions of driving on a suspended license, the defendant was charged with a severity level 9 nonperson felony offense of driving while suspended under 8-262(a)(1)(C).

The defendant appeared with court-appointed counsel and waived her right to a preliminary hearing, and the case was set for trial or plea. On the date of trial the defendant again appeared in

person and with counsel, waived her right to a jury trial, and asked that the case proceed immediately with a bench trial. The court agreed to proceed with trial.

The State indicated that it might not be ready for trial because the trooper who arrested the defendant might not be available. The defendant indicated, however, that such testimony would not be necessary as she would stipulate to the evidence and argue the case on two questions of law.

The first question of law raised by the defendant involved our decisions in *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982), and *State v. Marshall*, 252 Kan. 415, 845 P.2d 659 (1993). The defendant argued that under *Jones*, the State must establish that notice of suspension was deposited in the mail before a defendant can be convicted of driving while suspended under Kansas law. See *Jones*, 231 Kan. at 368. However, under *Marshall*, this court held that when dealing with an out-of-state suspension, the other state's determination of the suspension was entitled to full faith and credit, and the State need only establish that the other state had in fact suspended the license. See 252 Kan. at 419-20. The defendant in *Marshall* contended that such disparate treatment violated her constitutional due process and equal protection rights. The second question of law raised by the defendant is whether her eligibility to apply for reinstatement under the provisions of K.S.A. 1997 Supp. 8-256 would negate her conviction.

The trial court resolved both of the legal issues against the defendant. She was convicted under the provisions of 8-262(a)(1) for a third conviction of driving while her license was suspended.

On appeal, the defendant again argued that the disparate treatment afforded out-of-state residents as the result of *Jones* and *Marshall* violated the Due Process, Equal Protection, and Privileges and Immunities Clauses of the United States Constitution. While the defendant's appeal was pending, this court filed its decision in *State v. Lewis*, 263 Kan. 843, 953 P.2d 1016 (1998). In an unpublished opinion, No. 78,381, filed May 15, 1998, the Court of Appeals correctly observed that if *Lewis*, which required the State to prove the defendant's knowledge of his or her status as a habitual violator as an element of the offense, applied to the defendant's

felony charge of driving while suspended, her constitutional arguments need not be addressed. Instead, the Court of Appeals held, the issue was whether *Lewis* applied.

The Court of Appeals held that *Lewis* applied to felony prosecutions under 8-262(a)(1) and the State was required to prove knowledge as an element of the felony offense of driving while a license is suspended under 8-262(a)(1). The Court of Appeals also found that because the defendant had two prior convictions for driving while suspended, the district court could presume knowledge, and affirmed the defendant's conviction.

On review, we first address the question of whether *Lewis* applies. We also address the defendant's argument that if *Lewis* applies, the State failed to prove at trial the essential element of knowledge and the Court of Appeals acted as a factfinder when it determined that knowledge could be presumed from the defendant's prior Oklahoma convictions.

## Application of *State v. Lewis*

The Court of Appeals was correct in holding that the analysis in *Lewis* applies to felony prosecutions under 8-262(a)(1). We determined in *Lewis* that knowledge of status as an habitual violator was an essential element of the felony offense of driving while a habitual violator under 8-287. *State v. Lewis*, 263 Kan. 843, Syl. ¶ 7. The Kansas Criminal Code generally requires intent as an element of crimes in Kansas. See K.S.A. 21-3201(a). While the crime at issue is not within the criminal code, our criminal code applies to crimes created by statute other than in the criminal code. K.S.A. 21-3102(3). There are exceptions to the general rule that intent is required: Where the legislature has specifically stated that an offense does not require intent, where the context of the statute makes it clear that intent is not an element, or where the offense is a misdemeanor or traffic infraction and the statute clearly indicates a legislative purpose to impose absolute liability for the conduct. See K.S.A. 21-3201; K.S.A. 1997 Supp. 21-3204. However, we found in *Lewis* that none of these exceptions applied to a felony prosecution of driving while a habitual violator under 8-287. 263 Kan. at 856-58.

Much like the statute at issue in *Lewis*, the felony offense of driving while suspended under 8-262(a)(1) is not contained in our criminal code. However, our criminal code applies. See K.S.A. 21-3102(3). None of the statutory exceptions to the general rule of intent apply to the crime we now consider. See K.S.A. 21-3201; K.S.A. 1997 Supp. 21-3204. A person charged with a third offense of driving while suspended under 8-262(a)(1) is not charged with a misdemeanor or traffic infraction under Kansas law. The legislature has not specifically stated that such an offense does not require intent, and the context of the felony offense does not indicate a legislative purpose to impose absolute liability. Moreover, the context of the statute involved requires that the provisions of the Kansas Criminal Code apply. Therefore, we hold that a felony prosecution under 8-262(a)(1) requires as an essential element that the accused had knowledge that his or her license was suspended.

### Proof of Knowledge

The Court of Appeals concluded that the trial court as finder of fact may presume that the defendant had knowledge that her license was suspended based upon her two prior Oklahoma convictions for driving while suspended. In *Lewis*, we determined that knowledge may be proved by circumstantial evidence, and that the finder of fact may, but is not required to, infer knowledge of status from the fact that notification of status was mailed to the accused at his or her last known address. 263 Kan. at 858-59. The same analysis is applicable in this case. As the finder of fact, the trial court may have made the inference that the defendant knew her license was suspended based on the evidence from Oklahoma showing that the defendant had been convicted twice previously of driving while suspended.

The defendant contends that the trial court did not make such a finding and, therefore, the Court of Appeals erred by sitting as a factfinder in this case. However, the trial court proceeded to trial at the defendant's request based solely upon a stipulation between the defendant and the State. The defendant chose to argue purely legal issues, none of which concerned her lack of knowledge of her suspended status. There was no claim before the trial court that

the defendant did not have knowledge of her suspended status in Oklahoma at the time she was stopped in Kansas. Rather, the circumstantial evidence available to the finder of fact supports the opposite conclusion. Under these circumstances, the finding of guilty is supported by the stipulation, and the record as a whole supports the conclusion of the Court of Appeals.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.