No. 82,217

STATE OF KANSAS, *Appellant*, v. JOSE RAMON MARTINEZ, *Appellee*.

(988 P.2d 735)

Opinion filed September 24, 1999.

*Julie A. Fletcher*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellant.

*Andrew L. Warren,* of Patton, Kerbs & Hess, of Dodge City, argued the cause, and *Leslie A. Hess,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals the district court's dismissal of a felony count of driving under the influence (DUI) in the complaint after finding that the felony provision of K.S.A. 1998 Supp. 8-1567(f), for a third DUI conviction, is unconstitutional.

Defendant Jose Martinez, who had two previous DUI convictions, was charged with DUI and driving while his license was suspended. Prior to trial, Martinez filed a motion to dismiss the DUI charge. Under K.S.A. 1998 Supp. 8-1567, a DUI conviction may be a class B misdemeanor, a class A misdemeanor, or non-person felony, depending upon the number of prior convictions. Martinez noted that the Kansas Court of Appeals in *City of Wichita v. Hull,* 11 Kan. App. 2d 441, 724 P.2d 699 (1986), held that DUI, as charged under the 1984 DUI statute, is a strict liability offense, not requiring the State to prove criminal intent. Relying on the rationale of *State v. Lewis,* 263 Kan. 843, 953 P.2d 1016 (1998), Martinez asserted that because the crime is a strict liability offense, the felony penalty of K.S.A. 1998 Supp. 8-1567(f) is unconstitutional.

Based on *Hull,* the district court found that the felony provision of K.S.A. 1998 Supp. 8-1567(f) violated the defendant's right to due process of law and struck the felony DUI penalty provision from the statute. The judge then ordered the prosecution to appeal or continue the prosecution; the judge held that if the State continued the prosecution and the defendant was convicted, the sentence for the third DUI conviction would be the penalty provided for a misdemeanor conviction. The State appealed pursuant to K.S.A. 22-3601(b)(2), which provides that an appeal shall be taken directly to the Supreme Court in any case in which a statute of this state or the United States has been held unconstitutional.

## CONSTITUTIONALITY OF K.S.A. 1998 SUPP. 8-1567(f)

The issue of the constitutionality of K.S.A. 1998 Supp. 8-1567(f) requires an interpretation of that statute. Interpretation of a statute is a question of law, and this court's review is unlimited. See *Lewis,*

263 Kan. at 847. A statute is presumed constitutional and all doubts must be resolved in favor of its validity. A statute must clearly violate the constitution before it may be struck down. This court not only has the authority, but also the duty, to construe a statute in such a manner that it is constitutional if the same can be done within the apparent intent of the legislature in passing the statute. *Peden v. Kansas Dept. of Revenue*, 261 Kan. 239, Syl. ¶ 2, 930 P.2d 1 (1996), *cert. denied* 520 U.S. 1229 (1997).

K.S.A. 1998 Supp. 8-1567 provides that *no person shall* (1) operate or attempt to operate any vehicle within this state (2) while the alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more, while the person is under the influence of alcohol to the degree rendering the person incapable of safely driving a vehicle, or while under the influence of any drug that renders the person incapable of driving safely. Since 1993, the penalty section of the statute provides that a person's first two DUI convictions are misdemeanors and the third DUI conviction is a nonperson felony. See K.S.A. 1998 Supp. 8-1567(d), (e), and (f).

The district court concluded that the felony provision of K.S.A. 1998 Supp. 8-1567 was unlawful because the statute did not specifically state that criminal intent was a requisite element for a felony conviction. The court's conclusion was based on K.S.A. 21-3201 and the decision of the Court of Appeals in *Hull*. *Hull* has been cited with approval in several subsequent Kansas cases. See *State v. Hopper*, 260 Kan. 66, 70, 917 P.2d 872 (1996); *State v. Mountjoy*, 257 Kan. 163, 176, 891 P.2d 376 (1995); *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 822, 861 P.2d 1334 (1993).

Is *Hull* determinative of our issue? Although Hull was charged with a violation of a Wichita City Ordinance, it is important to note that *Hull* was decided based upon an analysis of the 1984 version of K.S.A. 8-1567. When Hull was charged with his third DUI, the third violation of the ordinance and the state statute was a misdemeanor.

Hull took a prescription sleeping medication prior to driving his car home from work. There was no warning label on the medicine bottle to indicate that it was unsafe to drive an automobile after

taking the medication. Hull's physician did not warn him of the effect on driving while using the medication. Hull's car rear-ended another vehicle at an intersection. When the other driver approached Hull, Hull did not respond to her questions, nor did his eyes properly focus. The accident was reported to the police. When Hull failed the field sobriety tests, he consented to a blood alcohol test. The test result was negative for alcohol. Hull was convicted of driving while under the influence of a drug, a misdemeanor. Hull's final conviction for violating the city ordinance was in the state district court. Hull appealed to the Court of Appeals, arguing that his lack of criminal intent was a·defense to the misdemeanor DUI charge, *i.e.*, he was unaware of the effects that the medication would have on his ability to drive; therefore, he had no intent to violate the ordinance. 11 Kan. App. 2d 442-43.

Despite the fact that the city ordinance and K.S.A. 8-1567 clearly stated that "[n]o person shall," the *Hull* court concluded that "by its omission of intent as an element in K.S.A. 1984 Supp. 8-1567 our legislature intended driving while under the influence to be an absolute liability offense" and affirmed Hull's misdemeanor conviction. 11 Kan. App. 2d at 445. The *Hull* court's analysis was based on K.S.A. 21-3204, which provides that "[a] person may be guilty of an offense without having criminal intent if the crime is a misdemeanor or a traffic infraction and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

In 1993, the Kansas Legislature amended the penalty section of K.S.A. 8-1567 to provide that upon a third or subsequent DUI conviction, a person shall be guilty of a nonperson felony. See L. 1993, ch. 259, § 8, ch. 291, § 270. The *Hull* court's discussion of K.S.A. 21-3204, guilt without criminal intent for a misdemeanor, does not provide a basis for determining if a conviction for felony DUI is constitutional or unconstitutional.

Because the third DUI conviction is a felony, do the provisions of K.S.A. 21-3201 apply? The first part of the statute provides:

"(a) *Except as otherwise provided*, a criminal intent is an essential element of every crime defined by this code. Criminal intent may be established by proof that the conduct of the accused person was intentional or reckless. Proof of in-

tentional conduct shall be required to establish criminal intent, unless the statute defining the crime expressly provides that the prohibited act is criminal if done in a reckless manner." (Emphasis added.)

It is important to note that the first phrase of the statute was not discussed by the *Hull* court and has seldom been included in a discussion of K.S.A. 21-3201(a) by the Kansas appellate courts.

The second part of K.S.A. 21-3201 defines criminal intent:

"(b) Intentional conduct is conduct that is purposeful and willful and not accidental. As used in this code, the terms 'knowing,' 'willful,' 'purposeful,' and 'on purpose' are included within the term 'intentional.'

"(c) Reckless conduct [which may be used to establish proof of intent] is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'wantonness' are included within the term 'recklessness' as used in this code."

Martinez argues that for a felony DUI conviction, K.S.A. 21-3201 requires proof of a criminal intent to commit each element of the offense, *i.e.*, the defendant (1) knew that he or she was incapable of safely driving a vehicle and (2) was aware that he or she had been twice previously convicted of DUI. For support of this claim, Martinez cites two United States Supreme Court cases: *Morissette v. United States*, 342 U.S. 246, 96 L. Ed. 2d 288, 72 S. Ct. 240 (1952), and *United States v. X-Citement Video*, 513 U.S. 64, 130 L. Ed. 2d 372, 115 S. Ct. 464 (1994).

In *Morissette*, the defendant was convicted of knowing conversion of government property. The defendant had picked up scrap metal from government property and converted it to his own use. He testified at trial that he assumed the metal to be abandoned property, and he had no intention to steal government property. 342 U.S. at 248-249. The *Morissette* Court observed that "knowing conversion requires more than knowledge that defendant was taking the property into his possession. He must have had knowledge of the facts [the property was not abandoned], though not necessarily the law, that made the taking a conversion." 342 U.S. at 270-71. The Court found that Morissette did not have the required knowledge, and set aside his conviction.

In *X-Citement Video*, the defendants were convicted under the Protection of Children Against Sexual Exploitation Act of 1977, which prohibits "knowingly" transporting, shipping, receiving, distributing, or reproducing a visual depiction, if such depiction involves the use of a minor engaging in sexually explicit conduct. 513 U.S. at 68. The issue in the case was whether the government must prove that the defendant knowingly transported a visual depiction or whether it must prove that the defendant knowingly transported a visual depiction involving the use of a minor engaging in sexually explicit conduct. 513 U.S. at 68. The Ninth Circuit Court of Appeals found the Act unconstitutional, and the Supreme Court granted *certiorari*.

The *X-Citement Video* Court found that the broader reading of the statute would sweep within the statute's ambit actors who had no idea that they were even dealing with sexually explicit material. 513 U.S. at 69. The Court concluded that to prove the crime, the government must show intent as to each element of the crime, *i.e.*, that the defendants knowingly transported the material of a sexually explicit nature depicting minors. 513 U.S. at 78. The Court stated: "*Morissette*, reinforced by *Staples* [*v. United States*, 511 U.S. 600, 128 L. Ed. 2d 608, 114 S. Ct. 1793 (1994)], instructs that the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct." 513 U.S. at 72. The Court held the Act consitutional and reversed the Ninth Circuit Court of Appeals.

Martinez' claim that *Morissette* requires the State to prove that he had knowledge of his first two convictions fails. First, the Kansas offense of DUI is not "otherwise innocent conduct." For the DUI charge against Martinez, the State must prove that Martinez drank or took a drug and drove and had an alcohol concentration in the blood or breath of .08 or more, or was rendered incapable of driving safely by the alcohol or drug. Martinez, who had twice previously been convicted of the same offense, drove after he had been drinking. Martinez' two prior DUI convictions are not elements of the offense charged. To impose the required statutory felony sentence, the State was required to prove that Martinez had been

twice previously convicted for DUI. It was at the sentencing phase that the prior DUI conviction was to be considered by the judge.

The State asserts that by the 1993 amendments to the DUI statute, the legislature brought the statute within the category of public welfare statutes requiring no showing of the defendant's criminal intent as discussed in *Mountjoy*, 257 Kan. 163.

In *Mountjoy*, defendant and two others were charged with practicing the healing arts without a license under K.S.A. 65-2803. The trial judge instructed the jury that in order for the defendant to be guilty of the crime charged, the State must prove that her conduct was intentional. The State objected to this and other similar instructions, arguing that a violation of K.S.A. 65-2803 did not require proof of intent. All three defendants were found not guilty. The State, pursuant to K.S.A. 22-3602(b)(3), appealed on a question reserved as to whether the trial court erred by instructing the jury that criminal intent was a required element of the crime of practicing the healing arts without a license.

The *Mountjoy* court noted that engaging in the practice of the healing arts is a class B misdemeanor. See K.S.A. 65-2803(d). The *Mountjoy* court observed that among all the objects sought to be secured by the government, none is more important than the preservation of the public health. The court determined that it is fundamental that where a statute is designed to protect the public, the language of that statute must be construed in the light of the legislative intent and purpose and is entitled to a broad interpretation so that its public purpose may be fully carried out. It stated that the common-law rule which requires the element of criminal intent to hold a person criminally responsible for his or her conduct is a well-recognized exception for public welfare offenses. 257 Kan. at 177. The *Mountjoy* court concluded that because the unauthorized practice of the healing arts is an offense which, under the public welfare doctrine, does not require the element of criminal intent, the judge had erred in instructing the jury. The court sustained the State's appeal. 257 Kan. at 177.

Martinez argues that *Lewis*, 263 Kan. 843 determined that the public welfare doctrine does not apply to felonies and that a felony

conviction for DUI requires proof that he knowingly drove when he was incapable of driving safely.

In *Lewis*, the State filed charges against Lewis for driving while a habitual violator under K.S.A. 1996 Supp. 8-287, a severity level 9, nonperson felony. At the conclusion of the preliminary examination, after noting that the Department of Revenue records indicated it had mailed the defendant three suspension notices prior to her arrest, the judge bound Lewis over for trial.

The case was tried to the district judge on stipulated facts. The State offered into evidence the trooper's testimony, a certified copy of the defendant's driving record, and the Division of Vehicles order revoking the defendant's license as a habitual violator. Under K.S.A. 1996 Supp. 8-286, whenever the records disclose that a licensee meets the requirements of a habitual violator, the licensee's license is immediately revoked for a period of 3 years. Notification to the licensee that he or she has been declared a habitual violator and his or her license has been revoked is sent by regular mail to the address listed on the license. See K.S.A. 1996 Supp. 8-255(d). Lewis stipulated that she had been driving her vehicle and was being assisted by a state trooper when a check of driving records revealed that she had been declared a habitual violator. Lewis further stipulated that she lived at the address where the notice declaring her a habitual violator was sent. However, she denied that she received the notice. Based on the stipulated facts, the district judge found Lewis guilty. Lewis appealed.

In the Court of Appeals, Lewis asserted that K.S.A. 1996 Supp. 8-286 and K.S.A. 1996 Supp. 8-287, the habitual violator statutes, were unconstitutional because the statutes created a presumption that if the notice was mailed by the Department of Revenue, it was received by the licensee. She argued such presumption usurped the province of the factfinder in determining that notice was received.

The Court of Appeals first concluded that because mailing is reasonably calculated to give notice, sending suspension notices by first class mail did not violate due process. It then determined that K.S.A. 1996 Supp. 8-287 was a strict liability statute that does not require that the licensee actually received notice that he or she had

been declared a habitual violator to sustain a conviction. The court affirmed her conviction. Lewis' petition for review was accepted.

The Supreme Court observed that the conclusion of the Court of Appeals that K.S.A. 1996 Supp. 8-287 created strict liability and did not require that a " 'licensee have actual knowledge of the notice declaring him or her a habitual violator,' " was based upon *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982), and *Mountjoy*, 257 Kan. 163, and the application and requirements of K.S.A. 21-3201(a) with regard to intent. 263 Kan. at 848.

The *Lewis* court observed that while the language and the procedure for notification that an individual was classified a habitual violator changed in 1994, there was no clear indication that the legislature intended to dispense with the individual's knowledge of status as a habitual violator as an essential element. As a result, such knowledge is an essential element because the statute did not fit within the exception to the K.S.A. 21-3201 intent requirement set out in K.S.A. 21-3204, which states:

"A person may be guilty of an offense without having criminal intent if the crime is a misdemeanor or traffic infraction and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

The *Lewis* court recognized that there exists a strong public policy with regard to the regulation of driving in this state. It noted that the legislative history of the habitual violator statutes indicated " '[t]he government's interest in keeping habitual violators off Kansas roads is a substantial and important one—both from public safety and public welfare perspectives.' " 263 Kan. at 856 (quoting *State v. Heironimus*, 262 Kan. 796, 807, 941 P.2d 1356 [1997]).

The *Lewis* court observed that the public welfare exception to intent did not apply because the offense charged was not a misdemeanor or traffic infraction and the legislature had not clearly imposed absolute liability. It determined that an accused's knowledge of his or her status as a habitual violator was an essential element for a felony conviction of driving while a habitual violator. The Court of Appeals and the district court were reversed, Lewis' conviction was set aside, and the case was remanded to the district court for retrial.

Subsequent to our decision in *Lewis*, a similar claim was alleged in *State v. Thomas*, 266 Kan. 265, 970 P.2d 986 (1998). In *Thomas*, the defendant was stopped by a Kansas Highway Patrol trooper, and an identification check revealed that her Oklahoma driver's license had been suspended. Based on two prior Oklahoma convictions of driving on a suspended license, Thomas was charged with a severity level 9 nonperson felony offense of driving while suspended under 8-262(a)(1)(C).

Thomas argued to the district judge that *Jones*, 231 Kan. at 368, required the State to establish that notice of her Oklahoma suspension was deposited in the mail before she could be convicted of driving while suspended in Kansas. The trial court found against the defendant and convicted her under the provisions of 8-262(a)(1) for a third conviction of driving while her license was suspended. The Court of Appeals affirmed the conviction and the Supreme Court granted Thomas' petition for review.

This court observed that in *Lewis*, knowledge of status as a habitual violator was an essential element of the felony offense of driving while a habitual violator under K.S.A. 1996 Supp. 8-287. 266 Kan. at 267. We noted that the Kansas Criminal Code generally requires intent as an element for crimes committed in Kansas. The *Thomas* court pointed out the general rule that intent is required for conviction except where the legislature specifically states that an offense does not require intent, where the context of the statute makes it clear that intent is not an element, or where the offense is a misdemeanor or traffic infraction and the statute clearly indicates a legislative purpose to impose absolute liability for the conduct. See K.S.A. 21-3201; K.S.A. 1998 Supp. 21-3204.

The *Thomas* court noted that *Lewis* had found if an individual had not been notified of the suspension of his or her driving privileges, the misdemeanor or traffic infractions exceptions of 21-3204 did not apply to a felony prosecution of driving while a habitual violator under 8-287. 266 Kan. at 267. The *Thomas* court held that a felony prosecution for driving while suspended requires as an essential element that the accused had knowledge that his or her license was suspended. It then noted that during the trial, Thomas had not denied knowledge of her Oklahoma suspended status when

stopped in Kansas. After reviewing the record, the court determined that the circumstantial evidence introduced at trial supported the opposite conclusion and that defendant's knowledge of her prior two suspensions could be presumed. Thomas' conviction was affirmed.

K.S.A. 1998 Supp. 8-1567 provides that *no person shall* (1) operate or attempt to operate any vehicle within this state (2) while the alcohol concentration in the person's blood or breath as shown by any competent evidence, is .08 or more, while the person is under the influence of alcohol to the degree rendering the person incapable of safely driving a vehicle, or while under the influence of any drug that renders the person incapable of driving safely.

In construing statutes, statutory words are presumed to have been and should be treated as consciously chosen, with an understanding of their ordinary and common meaning and with the legislature having meant what it said. *International Ass'n of Firefighters v. City of Kansas City*, 264 Kan. 17, 31, 954 P.2d 1079 (1998).

The legislature may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and where the legislative intention appears, it is incumbent upon the courts to give it effect, although the intent of the doer may have been innocent. The doing of a prohibited act constitutes the crime, and the moral turpitude or purity of motive by which it is prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt. *State v. Merrifield*, 180 Kan. 267, 269, 303 P.2d 155 (1956). K.S.A. 1998 Supp. 8-1567 is one of the recognized exceptions where the legislature has specifically stated that an offense does not require intent.

Martinez had two prior convictions for DUI. Since 1993, the penalty section of the statute provides that a person's first two DUI convictions are misdemeanors and the third DUI conviction is a nonperson felony. The district court erred in determining that imposing a felony penalty for a third conviction for DUI pursuant to

K.S.A. 1998 Supp. 8-1567 is unconstitutional. The district court is reversed and the case remanded for further proceedings.

DAVIS, J., concurs in the result.