No. 53,813

STATE OF KANSAS, *Appellant,* v. T.L. JONES, *Appellee.*

(644 P.2d 464)

Opinion filed May 8, 1982.

*Kenneth R. Smith,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellant.

*Robert M. Brown,* of Topeka, argued the cause, and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the State on a question reserved, K.S.A. 22-3602(*b*)(3), following the trial and acquittal of the defendant, T.L. Jones, on a charge of driving while his license was suspended, in violation of K.S.A. 1981 Supp. 8-262. The trial court held that the State failed to show notice to the defendant that his driver's license was suspended, and that notice to the defendant was essential before a violation of the statute could be found. The State contends that K.S.A. 1981 Supp. 8-262 is an absolute liability statute, and that no showing that defendant was given notice of suspension is necessary.

The facts are not in dispute. Jones was stopped for speeding on May 15, 1981. A computer check disclosed that his driver's license was suspended on September 22, 1980, and remained suspended. Jones was arrested and charged with speeding and driving while his license was suspended. He pled guilty to speeding, and that matter is not before us. He pled not guilty to driving while his license was suspended, and at the close of a bench trial the judge found him not guilty, finding that "notice or knowledge and an intent to drive in violation of that notice" was essential, and that the State had not met its burden of proving either notice or knowledge.

The State first calls our attention to K.S.A. 21-3204, which provides:

"A person may be guilty of an offense without having criminal intent if the crime is a misdemeanor and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

The State contends that driving while one's license is suspended is an offense within the quoted statute, and in support of its position cites *State v. Merrifield,* 180 Kan. 267, 303 P.2d 155 (1956), *State v. Baker,* 1 Kan. App. 2d 568, 571 P.2d 65 (1977), and *City of Overland Park v. Rice,* 222 Kan. 693, 567 P.2d 1382 (1977). In *Merrifield,* we said:

"It is clear that the statute makes it unlawful to drive a vehicle on the highways when the license to so drive has been suspended. The legislature made no exceptions, and the question of intent is not involved, and the motive or the circumstances under which the driving took place are immaterial. The legislature may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and where the legislative intention appears, it is incumbent upon the courts to give it effect, although the intent of the doer may have been innocent. The doing of an inhibited act constitutes the crime, and the moral turpitude or purity of motive by which it is prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt." 180 Kan. at 269.

The opinion in *Merrifield,* however, makes it clear that the defendant in that case had *actual knowledge* that his driver's license had been suspended. His defense was that the sheriff had, in substance, directed him to drive, and that he had no intent to violate the law. In *Baker,* the Court of Appeals quoted the above language from *Merrifield* in holding that one need not *intend* to speed; that the statute fixing maximum highway speeds for vehicles is an absolute liability statute, and within K.S.A. 21-3204; and that the malfunction of a cruise control mechanism is no defense to a speeding charge. In *Rice,* as in *Merrifield,* the defendant *knew* that he had no license at the time he was driving a vehicle.

All three cases are distinguishable from the case at hand. Jones testified in substance that he did not know that his license had been suspended, and that he had not received any written notice of the suspension. He also testified that he had not lived at the address shown on the order of suspension for two years. The State's evidence consisted of the testimony of the arresting officer, who had seen Jones drive a motor vehicle, and a certified copy of the suspension order and other documents which did not

include a statement of mailing. There was no evidence that either a copy of the suspension order or any written notification thereof was ever mailed or otherwise given to the defendant.

K.S.A. 8-248 makes it incumbent upon every holder of a driver's license to notify the division within ten days of the time the holder moves from the address designated on the holder's license. Jones apparently had not done so; he was not charged with that omission, however, and, so far as this record discloses, no notice was sent to him at any address. The trial court was correct in entering a judgment of acquittal.

In prosecutions for driving while a license is suspended, it is incumbent upon the State to show compliance with K.S.A. 8-255(b), which provides:

"Upon suspending or revoking the license of any person as authorized by this act, *the division immediately shall notify the licensee in writing.  . . .*" (Emphasis supplied.)

When a driver's license is revoked or suspended, a copy of the order of revocation or suspension, or a suitable written notice of that action, must be mailed to the last known official address of the licensee. The State is entitled to rely upon its record of all licensees' addresses, and it is also entitled to rely upon the presumption that letters, sent by ordinary mail postage prepaid, are received by the addressee in the ordinary course of the mails. The use of certified mail, return receipt requested, would be preferable but is not required. Once the State has complied with the mandatory notice requirement of K.S.A. 8-255(b) by mailing, the presumption of receipt arises and is not rebuttable. Evidence of non-receipt may, however, be introduced by the accused in mitigation at time of sentencing.

We hold (1) that the State must send a copy of the order of revocation or suspension or a written notice thereof to the licensee at the last known address according to the division's records; (2) that when written notice has been mailed, then, after reasonable time for mail delivery has expired, receipt is conclusively presumed; and (3) that in a prosecution under K.S.A. 1981 Supp. 8-262, the State need not prove actual receipt of the notice, actual knowledge of the revocation, or specific intent to violate the statute, by the licensee.

The appeal is not sustained.