No. 59,392

STATE OF KANSAS, *Appellant,* v. MITCHELL A. MOFFETT, *Appellee.*

(728 P.2d 1330)

Opinion filed December 5, 1986.

*Morgan Metcalf,* county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the State pursuant to K.S.A. 22-3602 upon a question reserved. Defendant Mitchell A. Moffett pled guilty to a speeding charge and pled not guilty to a charge of driving while his license was suspended (K.S.A. 1985 Supp. 8-262). At the close of the trial on the suspended license charge, the trial court dismissed the charge on the ground defendant had not been properly notified of the suspension of his driver's license. It is unclear from the record whether the ruling was based upon defendant's failure to receive the notice or the sending of the notice to an improper address. The question reserved seeks to resolve an ongoing problem concerning to what address a notice of suspension needs to be sent where the records of the Division of Vehicles contain multiple addresses for a license holder.

Defendant was stopped for speeding on February 16, 1986. A computer check revealed that his driver's license had been suspended on January 2, 1986. Following the license suspen-

sion, notice thereof was sent by the Division of Vehicles (Division) to defendant at the address of 514 West Locust, El Dorado, Kansas 67042. This address had been received by the Division from an El Dorado Municipal Court action placing defendant on diversion on a DUI charge. The Division's computer showed defendant's address as being Route 1, Box 45, Peabody, Kansas 66866. A certificate of insurance in the Division's files showed defendant's address at 423 South Washington, Apartment 7, El Dorado, Kansas 67042. The letter containing the notice of suspension was returned marked "no such number." In fact defendant was, at the time the notice was mailed, living at 824 West Locust, El Dorado, Kansas—an address unknown to the Division.

The Division's chief administrator for Driver's Licensing and Control testified that where to send a suspension notice presents a continuing problem for the Division in light of our decision in *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982). In *Jones* this court stated:

"When a driver's license is revoked or suspended, a copy of the order of revocation or suspension, or a suitable written notice of that action, must be mailed *to the last known official address of the licensee*. The State is entitled to rely upon its record of all licensees' addresses, and it is also entitled to rely upon the presumption that letters, sent by ordinary mail postage prepaid, are received by the addressee in the ordinary course of the mails. The use of certified mail, return receipt requested, would be preferable but is not required. Once the State has complied with the mandatory notice requirement of K.S.A. 8-255(b) by mailing, the presumption of receipt arises and is not rebuttable. Evidence of nonreceipt may, however, be introduced by the accused in mitigation at time of sentencing.

"We hold (1) that the State must send a copy of the order of revocation or suspension or a written notice thereof *to the licensee at the last known address according to the division's records*; (2) that when written notice has been mailed, then, after reasonable time for mail delivery has expired, receipt is conclusively presumed; and (3) that in a prosecution under K.S.A. 1981 Supp. 8-262, the State need not prove actual receipt of the notice, actual knowledge of the revocation, or specific intent to violate the statute, by the licensee." (Emphasis supplied.) 231 Kan. at 368.

The opinion uses both "last known official address" and "last known address according to the division's records" as the proper address to which to send the suspension notification. The Division is uncertain as to how to determine where the notice is to be sent.

K.S.A. 1985 Supp. 8-255(b) provides, in part:

"Upon suspending or revoking the license of any person as authorized by this act, the division shall immediately notify the licensee in writing."

K.S.A. 8-248 provides:

"**Notice of change of address or name.** Whenever *any person*, after applying for or receiving a driver's license *shall move from the address named in such application or in the license* issued to such person, or when the name of the licensee is changed by marriage or otherwise, *such person, within ten (10) days thereafter, shall notify the division in writing of his or her old and new addresses* or of such former and new names *and of the number of any driver's license then held by such person.*" (Emphasis supplied.)

We believe that the legislature clearly intended, through enactment of K.S.A. 8-248, to place the burden on the driver's license holder to notify the Division when the holder moves from the address named on his or her driver's license, or license application. The Division should be able to rely on its driver's license computer records in determining the address to which to send a notice of suspension. Therefore, the notice should be mailed to the address on the license or application unless superseded by a notice from the license holder pursuant to K.S.A. 8-248 advising the Division of an address change. If multiple notices under K.S.A. 8-248 have been received, obviously, the most recent address thereon is the proper address for the mailing of such suspension notice. The mailing of such notice to such address satisfies the requirements of K.S.A. 1985 Supp. 8-255(b). To hold otherwise could result in a driver with a transient life style being virtually immune from driver's license suspension. The Division's difficulty in applying the *Jones* opinion is illustrated herein. In attempting to follow *Jones'* requirements by checking through all of the records on defendant, the notice was sent to a nonexistent address presumably provided by defendant at the time of his arrest on a charge of DUI. This was apparently the latest address from any records available to the Division. The Division's determination of the proper address to which to mail a suspension notice should be limited to the records relative to the driver's license application, the license itself, or address change notices from the holder of the license pursuant to K.S.A. 8-248.

This opinion should be considered as clarifying the quoted language in *State v. Jones*, 231 Kan. 366.

The appeal is sustained.