(839 P.2d 53)

No. 67,624

STATE OF KANSAS, *Appellee*, v. MAGGIE G. LOVETT, *Appellant.*

Opinion filed September 18, 1992.

*Timothy D. Hamilton,* of Kansas City, for the appellant.

*Brian L. Leininger,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before ELLIOTT, P.J., LEWIS, J., and ROBERT C. HELSEL, District Judge Retired, assigned.

LEWIS, J.: The defendant appeals her conviction of driving while her driver's license was suspended. Upon conviction, defendant was sentenced to one year in jail and fined $500. On review, we find that the Division of Motor Vehicles (DMV) failed to follow the express requirements of law in suspending defendant's driver's license, and we reverse her conviction.

Defendant's driver's license was suspended as a result of her arrest for DUI. Defendant refused to submit to a chemical test under K.S.A. 8-1002, and her license was suspended as provided by statute. Defendant then requested an administrative hearing under K.S.A. 8-1002(g). Defendant appeared at that administrative hearing in person and by an attorney. Apparently, issues were raised at the administrative hearing which could not be immediately resolved, and the hearing officer took the matter under advisement. Approximately three days later and in the absence of defendant or her attorney, the hearing officer made his decision and ruled against the defendant. Defendant was not aware of the hearing officer's ruling at the time it was made.

After the hearing officer ruled against the defendant, her driver's license suspension was affirmed. The DMV then suspended her license for one year and mailed notice of the order of suspension *to the defendant's attorney.*

The defendant denies knowledge of the administrative order suspending her license. Her attorney concedes by affidavit that he did not at any time advise her that a suspension order had been issued and received. Despite these denials, there is evidence in the record that defendant may have been aware that her license was suspended.

The same attorney later appeared on behalf of the defendant at a misdemeanor hearing wherein she was charged with driving while her license was suspended. The attorney entered a guilty plea on behalf of defendant to those charges. The defendant denies having any knowledge of these court proceedings, and there is no evidence that she did. The State does not dispute that she was not personally present at the court proceedings.

The defendant argues that her license suspension by the DMV was ineffective because of its failure to mail notice of suspension directly to defendant. We agree with defendant's contentions in this regard.

K.S.A. 8-255(d) is controlling in this case, and reads in relevant part as follows: "Upon suspending, revoking or disqualifying the driving privileges of any person as authorized by this act, *the division shall immediately notify the person in writing.*" (Emphasis added.)

The statute is plain, clear, and unambiguous. It does not authorize service on anyone but the person whose license is suspended. It does not indicate that the DMV *may* or *should* notify such person; it says it "shall immediately" notify such person in writing. This is clearly a case of a mandatory command by the legislature. See *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212-13, 755 P.2d 1337 (1988).

The legislature has not only mandated written notice to the licensee, it has provided that the notice be sent to the last known mailing address furnished to the DMV by the licensee. In the matter now before this court, the State admits that no notice of suspension was mailed to the defendant and offers no excuse for the failure to follow the law. It only suggests that somehow the mailing to defendant's attorney was sufficient compliance. This suggestion was apparently accepted by the trial court. We do not agree.

In *State v. Jones*, 231 Kan. 366, 368, 644 P.2d 464 (1982), the trial court held that the State had failed to show the defendant was guilty of driving while his license was suspended. The defendant had argued successfully to the trial court, as the defendant does here, that the State failed to show notice to the defendant of the driver's license suspension and that such notice was essential to prove the charge of driving while his license was suspended. The State appealed from the trial court's decision, and the Supreme Court affirmed the trial court, holding:

"In prosecutions for driving while a license is suspended, it is incumbent upon the State to show compliance with K.S.A. 8-255(b), which provides:

'Upon suspending or revoking the license of any person as authorized by this act, *the division immediately shall notify the licensee in writing. . . .*' (Emphasis supplied.)

"When a driver's license is revoked or suspended, a copy of the order of revocation or suspension, or a suitable written notice of that action, *must be mailed to the last known official address of the licensee*. The State is entitled to rely upon its record of all licensees' addresses, and it is also entitled to rely upon the presumption that letters, sent by ordinary mail postage prepaid, are received by the addressee in the ordinary course of the mails. The use of certified mail, return receipt requested, would be preferable but is not required. Once the State has complied with the mandatory notice requirement of K.S.A. 8-255(*b*) by mailing, the presumption of receipt arises and is not rebuttable. Evidence of non-receipt may, however, be introduced by the accused in mitigation at time of sentencing.

"We hold (1) *that the State must send a copy of the order of revocation or suspension or a written notice thereof to the licensee at the last known address according to the division's records*; (2) that when written notice has been mailed, then, after reasonable time for mail delivery has expired, receipt is conclusively presumed; and (3) that in a prosecution under K.S.A. 1981 Supp. 8-262, the State need not prove actual receipt of the notice, actual knowledge of the revocation, or specific intent to violate the statute, by the licensee." (Emphasis added.) 231 Kan. at 368.

In *State v. Moffett*, 240 Kan. 406, 728 P.2d 1330 (1986), the Supreme Court affirmed and clarified its decision in *Jones*. In *Moffett*, the court held that notice was sufficient if mailed to the last known address furnished to the department by the licensee.

It is clear that *Jones* and *Moffett* are controlling. The DMV is required to mail notice of suspension to the licensee. The failure to show that the notice was mailed as required by law is fatal to the charge of driving while the license is suspended.

The State argues that the mailing of notice to the defendant's attorney is sufficient. We disagree. The statute unambiguously requires mailing to the licensee. There is no provision authorizing substituted service on any other person. This court will not engage in the legislative function of adding something to a statute which is not there. If the legislature had wished to authorize substituted service on a defendant's attorney, it could have said so, and indeed it has said so in other instances. In the statute before this court, the legislature did not provide for substituted service, and such service does not satisfy the requirements of the statute. If the State wishes to make service on an attorney sufficient under the statute, it must resort to the legislature and not to this court for an amendment of the statute in question.

The very best that can be said is that, under K.S.A. 77-613(d), service upon parties to an agency proceeding who have attorneys "shall be made upon the parties to the agency proceeding *and* their attorneys of record, if any." (Emphasis added.) This statute merely permits service upon an attorney. It does not authorize the agency in question to bypass the express provisions of 8-255(d) and not serve notice upon the party.

The argument of the State in this case amounts to a claim of substantial compliance. First of all, we do not believe that the doctrine is applicable to avoid the express requirements of the statute. K.S.A. 8-255(d) does not authorize service on a person's attorney. It expressly mandates "immediate" notice to the licensee. We are not willing to render ineffective an express requirement by the legislature by employing the doctrine of "substantial compliance."

In addition, we have held in *Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 825 P.2d 172 (1991), that the doctrine of substantial compliance does not apply in cases of this nature. In that case, the defendant had attempted to appeal a one-year suspension of his driver's license. He mailed the notice of appeal to "Kansas Department of Revenue, Division of Vehicles-Driver Control Bureau, P.O. Box 2744, Topeka, Kansas 66601-2744." The Kansas Department of Revenue in that case candidly admitted that it had received the notice of appeal addressed in the manner indicated. However, the department argued that the only proper service under the statute was on the Secretary of Revenue. The defendant argued that his service "substantially complied" with the law and gave actual notice to the proper parties. We dismissed the appeal and said:

"KDR does not deny that it received actual notice. However, KDR argues proper service would be upon the Secretary of Revenue.

"K.S.A. 1990 Supp. 8-259 provides that review of driver's license suspensions shall be in accord with the Act for Judicial Review and Civil Enforcement of Agency Actions. K.S.A. 77-601 *et seq*. K.S.A. 77-615(a) provides: 'A petitioner for judicial review shall serve a copy of the petition in the manner provided by subsection (d) of K.S.A. 77-613 and amendments thereto upon the *agency head* or on any other person or persons designated by the agency head to receive service.' (Emphasis added.) K.S.A. 77-613(d) provides in relevant part:

'Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or by mailing a copy of it to them at their last known addresses. Delivery of a copy of an order, pleading or other matter means handing it to the person being served or leaving it at that person's principal place of business or residence with a person of suitable age and discretion who works or resides therein. Service shall be presumed if the presiding officer, or a person directed to make service by the presiding officer, makes a written certificate of service. Service by mail is complete upon mailing.'

"There are no provisions for 'substantial compliance' contained in the Act comparable to those provided in the Rules of Civil Procedure by K.S.A. 1990 Supp. 60-304. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment,* 234 Kan. 374, 390, 673 P.2d 1126 (1983).

'Chapter 60's requirement that the civil procedure be liberally construed is not contained within Chapter 20. In addition, Chapter 20 does not provide, as does Chapter 60, that substantial compliance of service procedure will effect valid service if the party is made aware that an action or proceeding was pending in a specific court in which that party's status or property is subject to being affected.' 234 Kan. at 390.

"KDR argues the notice as addressed properly served only the Driver Control Bureau, a subdivision of the Kansas Department of Revenue, and was not proper service on the 'agency head,' who is the Secretary of Revenue. KDR avers that, while the Driver Control Bureau is located in the same building, it is on a different floor, is not part of the Secretary's office, and does not report directly or indirectly to the Secretary.

"The language of the statutes is clear and unambiguous. We find service was improper and that the district court, and thus this court, has no jurisdiction over KDR." 16 Kan. App. 2d at 13-14.

If service on the Kansas Department of Revenue did not perfect the appeal under the facts of *Claus,* the service in the instant matter cannot pass muster. The department of revenue would be well advised in the future to be aware of *Claus* in serving licensees with notice of driver's license suspensions.

In this case, the defendant's driver's license was originally suspended by the police officer to whom she refused to submit to a chemical test. The administrative hearing she requested was one seeking to review the original order. There is no specific procedure mandated to govern these administrative hearings. We hold, therefore, that such a proceeding is governed by the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* As stated in *Claus,* there are no provisions for "substantial compliance" contained in that Act. Accordingly,

we reject the argument of substantial compliance. The service of the notice of suspension on the defendant's attorney was not authorized and was not service on the defendant, and the suspension of her license cannot stand.

Finally, we find no particular significance in the fact that the defendant may have known or "should have known" that her driver's license had been suspended. This is a matter of some dispute in the record. Regardless, we consider her knowledge of the suspension to be basically irrelevant. The legislature required service of the notice of suspension on the licensee to complete the suspension process. The failure of the DMV to comply with the statutory process renders its attempted suspension of defendant's license void as a matter of law. Actual knowledge of an ineffective suspension by the licensee does not render it valid. The law does not provide that the department shall only serve the licensee if it concludes she has no actual knowledge of its action. We do not intend to read any such exception into the statute.

The defendant's conviction of driving while her license was suspended cannot survive the failure of the State of Kansas to show the required service of notice on her under K.S.A. 8-255(d). The defendant's conviction is reversed.

Reversed.