(948 P.2d 684)

No. 76,370

STATE OF KANSAS, *Appellee*, v. KELVIN M. CAMPBELL, *Appellant*.

Opinion filed November 21, 1997.

*John R. Kurth*, of Garrity, Kuckelman & Kurth, of Atchison, for appellant.

*Allen A. Ternent*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., KNUDSON, J., and VAN HAMPTON, District Judge, assigned.

KNUDSON, J.: Kelvin Campbell appeals from his jury trial convictions for possession of cocaine, in violation of K.S.A. 1996 Supp. 65-4160(a), and driving with a suspended license, in violation of K.S.A. 1996 Supp. 8-262. He contends the initial stop of his car by a police officer was not based upon reasonable suspicion that a crime was being committed and that the police did not have probable cause to search the car after the stop. He further challenges the sufficiency of the evidence to support his convictions.

We conclude the police officer made a lawful *Terry* stop of Campbell's car and subsequently acquired sufficient information to support probable cause that the car contained contraband. We

further conclude that the evidence against Campbell was sufficient to support the jury verdicts.

The facts of this case are not in substantial dispute. Officer Cary Stone of the Atchison Police Department saw Campbell driving a car and recalled that within the past week he had learned that Campbell's driving privileges were suspended. At Stone's request, Officer Dan Regan stopped Campbell's car. When asked by Regan to produce a driver's license, Campbell stated that his license had been suspended. Regan was also informed by the police dispatcher that Campbell's license was suspended.

After arresting Campbell, Officer Regan asked Campbell if there was any contraband in the car. Campbell responded that there was some beer and a blue bag that belonged to a friend. Armed with this information, the police seized the beer and blue bag. The bag contained crack cocaine pipes with cocaine residue on them.

Campbell first argues that Officer Regan lacked reasonable suspicion to stop his car. On this issue, our standard of review is twofold: We consider the trial court's findings as to underlying facts under a substantial competent evidence standard and then consider de novo whether those facts support a reasonable and articulable suspicion to warrant a stop under K.S.A. 22-2402. See *State v. Vandiver*, 257 Kan. 53, Syl. ¶¶ 5, 6, 891 P.2d 350 (1995).

K.S.A. 22-2402 requires that "a police officer have a reasonable and articulable suspicion, based on objective facts, that the person stopped has committed, is committing, or is about to commit a crime. *State v. Epperson*, 237 Kan. 707, 712, 703 P.2d 761 (1985)." *State v. Henry*, 14 Kan. App. 2d 416, 417, 792 P.2d 358, *rev. denied* 247 Kan. 706 (1990).

Campbell contends that the police officer did not have reasonable suspicion to stop his car and cites the holding in *Henry* in support of his argument. In *Henry*, a police officer stopped Henry's car after recalling that he had heard the defendant's license had been suspended. The officer's belief was not based upon firsthand knowledge. The Court of Appeals panel agreed with the trial court that the arresting officer lacked reasonable and articulable suspicion to stop Henry's car. 14 Kan. App. 2d at 418-19.

Campbell's reliance on *Henry* is misplaced. In *Henry*, the arresting officer had, at most, a hunch that the defendant's license had been suspended. A hunch does not qualify as a reasonably articulable suspicion of wrongdoing. In the case now before us, Officer Stone had been informed of Campbell's suspension only days before the stop by another officer who had learned through official channels that Campbell's license was suspended. The collective information of the police officers was sufficiently timely and reliable to constitute reasonable suspicion warranting the stop of Campbell's car.

Campbell next contends the search of his vehicle was unlawful and in violation of his Fourth Amendment rights. He argues that he did not consent to the search, nor was it a search incident to a lawful arrest. Campbell has simply missed the target in his argument as to the dispositive legal principle.

In *State v. Jaso*, 231 Kan. 614, Syl. ¶ 5, 648 P.2d 1 (1982), the Supreme Court held:

"When police officers have made a lawful stop of a vehicle and have probable cause to believe that contraband is in the vehicle, the officers may search every area of the vehicle and its contents which might reasonably contain the contraband without the necessity of first obtaining a warrant."

After being arrested, Campbell told Officer Regan that there was contraband in the car. Thus, the subsequent search of the car was not justified as incidental to an arrest or Campbell's consent; the search was based upon Officer Regan's probable cause that the car contained contraband. The trial court did not err in its ruling upon this issue.

Campbell next contends that his conviction for driving with a suspended driver's license must be reversed because the State failed to present a copy of his certified driving record indicating notice of suspension was mailed to him at his last known address by the Division of Motor Vehicles (DMV). He relies upon *State v. Jones*, 231 Kan. 366, 368; 644 P.2d 464 (1982), to support his contention.

In *Jones*, the defendant was stopped for speeding and the officer discovered that his driver's license had been suspended. The de-

fendant argued that he did not have knowledge of the suspension. At the close of bench trial, the trial judge found the defendant not guilty, finding that notice or knowledge of the suspension was essential and that the State had failed to meet its burden of showing that it sent notice to Jones as required under K.S.A. 1983 Supp. 8-255(b) (now K.S.A. 1996 Supp. 8-255[d]). 231 Kan. at 368. The State appealed and the Supreme Court stated:

"We hold (1) that the State must send a copy of the order of revocation or suspension or a written notice thereof to the licensee at the last known address according to the division's records; (2) that when written notice has been mailed, then, after reasonable time for mail delivery has expired, receipt is conclusively presumed; and (3) that in a prosecution under K.S.A. 1981 Supp. 8-262, the State need not prove actual receipt of the notice, actual knowledge of the revocation, or specific intent to violate the statute, by the licensee." 231 Kan. at 368.

The holding in *Jones* has since been followed in *State v. Moffett*, 240 Kan. 406, 728 P.2d 1330 (1986), and *State v. Lovett*, 17 Kan. App. 2d 450, 451, 839 P.2d 53, *rev. denied* 252 Kan. 1094 (1992). However, in each of these decisions, the defendant denied knowledge of a license suspension. Thus, these cases do not directly address the situation now before us, where the defendant admits *actual knowledge* of the suspension but challenges the conviction because there was no direct evidence that the DMV had mailed notice of the suspension.

Under these circumstances, we do not believe the State's failure to present evidence of compliance with the mandatory notice requirements under what is now K.S.A. 1996 Supp. 8-255(d) precludes Campbell's conviction. The purpose of mailing written notice is to establish a conclusive presumption that the licensee has knowledge of the revocation. Such mailing relieves the State from having to prove *actual receipt*. See *Jones*, 231 Kan. at 368. When a defendant has actual knowledge that his or her license has been suspended, we conclude the State is not required to present direct evidence that there has been compliance with K.S.A. 1996 Supp. 8-255(d) in a prosecution under K.S.A. 1996 Supp. 8-262.

Last, Campbell challenges the sufficiency of the evidence to support his conviction for possession of cocaine. The State's evidence against him was largely circumstantial. He contends the State did

not introduce evidence upon which a reasonable juror could have inferred that he had possession of cocaine.

In *State v. Faulkner*, 220 Kan. 153, 156, 551 P.2d 1247 (1976), the court defined "possession" as: " 'Having control over a place or thing with knowledge of and the intent to have such control.' " (Quoting *State v. Neal*, 215 Kan. 737, 740, 529 P.2d 114 [1974].) The court further stated that possession could be proved by circumstantial evidence alone. 220 Kan. at 160.

The evidence at trial was that Campbell had control over the car, the bag containing the drugs was found in the car by the driver's seat where Campbell had been sitting, and Campbell told the arresting officer there was contraband in the bag. This is substantial competent evidence sufficient to support a reasonable inference that Campbell intentionally possessed the cocaine.

Affirmed.