No. 78,432

STATE OF KANSAS, *Appellant*, v. TERRY L. CARTER, *Appellee*.
(955 P.2d 119)

Opinion filed March 6, 1998.

*David P. Zabel*, assistant district attorney, argued the cause, and *Christine K. Tonkovich*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Reid T. Nelson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The State appeals on a question reserved, following dismissal of the complaint and discharge of defendant Terry L. Carter at the conclusion of the preliminary hearing. Carter was charged with driving while suspended, possession of a revoked license, and driving after being declared a habitual violator. The district court held that the Department of Revenue's certificate of mailing, purporting to show that notice of suspension had been mailed to Carter, was not in compliance with the notice requirements of K.S.A. 1996 Supp. 8-255.

On October 22, 1996, Carter was charged with driving while suspended, in violation of K.S.A. 1996 Supp. 8-262, a level 9 felony; possession of a revoked driver's license, in violation of K.S.A. 1996 Supp. 8-260, a level 9 felony; and driving after being declared a habitual violator, in violation of K.S.A. 1996 Supp. 8-287, a level 9 felony. The parties stipulated that Carter was operating a motor vehicle on the date in question. The State submitted the certification of Carter's driving record, which included two documents

entitled "KANSAS DEPARTMENT OF REVENUE—DRIVER LICENSING CERTIFICATE OF MAILING," with a subheading on each stating that the original had been mailed to the last known address by the Driver Control Bureau/Division of Vehicles. Part of the notice on both documents was obliterated by the post office's postage meter stamp. Below that was the date "10/14/93," and following that was a computer-generated list, which included "Carter Terry. L, 821 6th St, Baldwin City Ks 66066." At the bottom of the form are two boxes, one entitled "number of pieces listed by sender" showing "25" and "total number of pieces received at post office postmaster, per" also showing "25," and adjacent thereto, some initials, apparently of a post office employee. There is a postmark for the "Topeka Ks State House Sta." dated October 14, 1993 at the top of the form. The other document was dated July 31, 1995, with a similar postmark for August 1, 1995, showing 17 pieces listed by sender and received at post office. Both documents list the name and address of the same number of persons as the total number of pieces of mail received by the post office. Neither certificate of mailing is signed by any individual.

Carter's counsel moved to dismiss, challenging the sufficiency of the two notices purportedly sent to Carter and arguing:

"[T]he notice is insufficient to satisfy the notice of K.S.A. 8-255 in as much as the certificate of mailing is not signed, verified, or approved by any other person or entity indicating that the important or pertinent notice of driving privileges was actually sent to the defendant."

The State responded that nothing in 8-255(d) requires that notice be sent by certified mail, citing *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982), for its holding that a copy of the order or other written notice of revocation or suspension need only be mailed to the last known address of the defendant to provide sufficient notice.

Carter's counsel stated that she was not arguing for a requirement that notice be sent by certified mail, but reiterated: "What I'm saying is that the notice required to indicate that this mailing has been accomplished, the very notice itself, is insufficient because it isn't signed by anyone."

The district judge considered Carter's motion as a motion to discharge, concerning an evidentiary issue, and granted the motion, dismissing the complaint and discharging Carter. He stated:

"I have found that based on the evidence the State has presented that there has been a failure to show that this notice was sent or mailed to the defendant. I agree with Mr. Little [State's counsel] that all that needs to be done is to show that it was mailed or sent, and I think that's all that is required.

"However, from this exhibit, there's no indication at all—there's been a showing that the post office received these pieces—the Post Master, and supposedly I'm to infer that these were sent. I can't make that inference from this matter.

"There would have to be some individual explaining to the Court that that type of verification then concluded the fact that these were actually mailed out, and I can't make that assumption from the evidence or inference from this evidence."

The discharge order provides the basis for the district court's ruling as follows:

"That the portion of State's Exhibit 1, the Certification of Driver's Record, which is entitled Kansas Department of Revenue—Driver Licensing Certificate of Mailing is insufficient to satisfy the notice provisions of K.S.A. 1994 Supp. 8-255 inasmuch as said Certificate of Mailing is not signed, verified or approved by any person or entity indicating that the appropriate and pertinent notice of suspension of driving privileges was actually given to the defendant in writing as required by subsection (d),"

The State timely appealed.

The State submits that review of the district court's interpretation of 8-255 is involved, so de novo review should apply, citing *State v. Favela*, 259 Kan. 215, 218, 911 P.2d 792 (1996). We agree.

Although the district court found the certificate of mailing not in compliance with the notice requirements of 8-255, the State argues that the following portion of 8-255(d) is the only statutory provision relevant here: "Upon suspending, revoking or disqualifying the driving privileges of any person as authorized by this act, the division shall immediately notify the person in writing." We agree.

In *State v. Jones*, 231 Kan. 366, this court held that the State need only prove that it sent the notice to the licensee at the last known address according to the division's records. *Jones* involved a misdemeanor violation of K.S.A. 1981 Supp. 8-262 (driving while suspended). The State appealed on a question reserved following

Jones' acquittal after the State failed to show it had given any notice to Jones that his driver's license had been suspended. The State argued that misdemeanor violation of K.S.A. 1981 Supp. 8-262 was a strict liability crime within K.S.A. 21-3204 (Ensley 1981). This court rejected that argument and did not sustain the State's appeal, determining that the trial court was correct in entering judgment of acquittal, in view of the lack of proof of any notice given to Jones.

*Jones* did not address the sufficiency of evidence required to show proof of mailing of the notice. However, Jones was acquitted after the State's evidence did not include a statement of mailing or a copy of the suspension order or any other proof that written notification was ever mailed to or otherwise given to Jones.

The certificates of mailing at issue here are sufficient because they do state that notice was mailed to Carter's last known address, which is also shown on the certificates. Also, the certificates indicate that the notices were received by the post office and deposited in the mail. There is the postmark stamped on the form with the date of mailing and the initials of a postal employee showing receipt of the items mailed. The State contends that this is even better proof of mailing than a certificate signed by an individual would be. If it is not sufficient, then according to the State, the only way to sufficiently prove mailing is by return receipt or testimony of the mail carrier delivering the notice. In *State v. Lewis* 263 Kan. 843, 953 P.2d 1016 (1998), this court approved, as constitutional, notice sent by ordinary mail in a habitual violator case.

In *Lewis,* we said knowledge of habitual violator status is now an essential element of the crime and the notice provisions of 8-255(d) contained within the habitual violator statutes comport with notice requirements of the Due Process Clause. As to the question of proving such knowledge, we said:

"Proof of knowledge of status as a habitual violator may be by circumstantial evidence, including deliberate ignorance on the part of the accused. Further, in prosecutions under K.S.A. 1996 Supp. 8-827, the finder of fact may, but is not required to, infer knowledge of status from the fact that notification of the accused's status as a habitual violator was mailed to the accused at the accused's last known official address." *Lewis*, 263 Kan. at 858-59.

The only issue reserved herein is whether the certificate of mailing satisfies the notice requirements of 8-255, which require that

the defendant be notified in writing. The State mailed two signed letters to Carter at his official address which clearly set forth proper notice to Carter. The letters are signed on behalf of the director of Division of Vehicles and in the lower left-hand corner identify the person who handled the notice. Attached to each of the letter notices is a "CERTIFICATE OF MAILING" described above. It shows on its face that it was mailed in the U.S. Post Office Station in the basement of the Docking Building. The certificate of mailing shows the notice was delivered to the U.S. Post Office Station addressed to Carter at his official address. The post office does not store mail; it receives mail and delivers it to the addresses. The Post Office Station involved is a small one, and the initials would be readily identifiable. In addition, 8-255(d) does not require a certificate of mailing. Although a certificate of mailing is not required by the statute, a majority of this court is of the opinion that a certificate of mailing was attached to each of the notices showing delivery to the U.S. Post Office. The notice here complies with 8-255.

Although Carter's due process argument was not raised below and he prevailed at the district court level, Carter invites this court to address this issue. This issue need not be addressed because it was not raised below. In addition, it is beyond the scope of the State's appeal on a question reserved. Carter is not the appellant. This court's decision in *Lewis* (holding that notice under 8-255[d] comports with constitutional due process requirements) would resolve this issue, even if it had been properly raised.

The State's appeal is sustained.

SIX, J., dissenting: I would affirm the district court. K.S.A. 1996 Supp. 8-255(d) states in part: "Upon suspending, revoking or disqualifying the driving privileges of any person as authorized by this act, the division shall immediately notify the person in writing."

In *Jones*, we said:

"The State's evidence consisted of the testimony of the arresting officer, who had seen Jones drive a motor vehicle, and a certified copy of the suspension order and other documents which did not include a statement of mailing. *There was no evidence that either a copy of the suspension order or any written notification*

*thereof was ever mailed or otherwise given to the defendant."* (Emphasis added). 231 Kan. at 367-68.

Evidence of the mailing of written notification is the issue.

Carter draws a comparison to the proof of service rules for pleadings, familiar to all attorneys. See K.S.A. 60-205(b) (describing how service of pleadings is to be made upon a party represented by an attorney). The last part of every pleading consists of a signed affidavit or certificate of mailing or service. The return of service of a summons must be signed by the person serving process. See K.S.A. 60-302; K.S.A. 60-312, and the summons forms set forth at the appendix following K.S.A. 60-269. Affidavits submitted as evidentiary proof supporting summary judgment motions obviously must be signed by the affiant. The Department of Revenue's Certification of Driver's Records submitted in this case is signed by a clerk from the Driver Control Bureau. The signature is notarized. Carter contends that evidentiary requirements for proof of service of notice in a case such as this, involving potential felony convictions, should be more onerous than proof of service requirements for pleadings. I agree.

As Carter notes, the Department of Revenue certificate of mailing is not signed by any individual representing that the notice was actually mailed to Carter at his last known address. It is impossible to identify from the certificate any individual at the Department who was responsible for the mailing.

Carter's points are well taken. Without any signature by the person responsible for the mailing, the "certificate" is not really a certificate at all. When a felony conviction may rest on the notice being properly mailed, it would seem, at a minimum, proper for the certificate of mailing to contain the name and signature of the person at the Department responsible for the mailing.

ALLEGRUCCI and DAVIS, JJ., join in the foregoing dissenting opinion.