No. 81,464

STATE OF KANSAS, *Appellee,* v. TRACY W. THRASH, *Appellant.*

(987 P.2d 345)

Opinion filed July 9, 1999.

*Darren K. Patterson*, of El Dorado, argued the cause and was on the brief for appellant.

*Morgan Metcalf*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant appeals from a misdemeanor conviction of driving while suspended, contrary to K.S.A. 1998 Supp. 8-262. Defendant asserts that if the State agency receives a change of address within 3 days of mailing a notice of suspension of the licensee's driving privileges, due process requires that a second notice be sent to the new address.

On January 6, 1998, the Kansas Department of Revenue (KDR) sent a notice of suspension of driver's license to Tracy W. Thrash. The notice was mailed to Thrash's last known address. One day later, on January 7, 1998, KDR received a change of address notice from Thrash. KDR did not send another notice of suspension to Thrash's new address. On February 16, 1998, Thrash was arrested and charged with misdemeanor driving while suspended.

The case was tried to the court on June 8, 1998, on stipulated facts. Thrash had one prior driving while suspended conviction. The district court found Thrash guilty of a second driving while suspended offense and sentenced him to 12 months' probation. Thrash appealed his conviction, contending that because KDR received notice of a change of his address within 3 days of mailing the notice of suspension, due process required KDR to send a second notice of suspension to his new address. Thrash's appeal to the Kansas Court of Appeals was transferred to this court pursuant to K.S.A. 20-3018(c).

Resolution of the issue requires interpretation of a statute and application of case law. Interpretation of a statute is a question of law, and this court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998); *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998). When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute

so as to add something not readily found in the statute. *In re Marriage of Killman*, 264 Kan. 33, 43, 955 P.2d 1228 (1998).

K.S.A. 1998 Supp. 8-255(d) provides, in part: "Upon suspending, revoking or disqualifying the driving privileges of any person as authorized by this act, the division shall immediately notify the person in writing."

In *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982), we discussed KDR's duty to notify a licensee of his or her suspension. In *Jones*, the licensee moved from the address he had filed with KDR and failed to notify KDR of his new address. KDR sent a notice of suspension to the licensee's last known address. The licensee was subsequently charged with a misdemeanor count of driving while suspended. The licensee was acquitted by the trial court because the State failed to show actual notice to the licensee that his driver's license was suspended. The State appealed on a question reserved. The *Jones* court held that to satisfy due process for a misdemeanor charge of driving while suspended, the State need only prove that KDR sent the notice to the licensee at the last address filed with KDR. The *Jones* court stated that KDR is entitled to rely upon its record of all licensees' addresses, and KDR may presume that letters sent by ordinary mail postage prepaid are received by the addressee in the ordinary course of the mails. 231 Kan. at 368; but see *State v. Thomas*, 266 Kan. 265, 268, 970 P.2d 986 (1998) (A felony prosecution under 8-262(a)(1) requires as an essential element that the accused had knowledge that his or her license was suspended, and knowledge may be inferred from evidence of prior convictions of driving while suspended.); *Lewis*, 263 Kan. at 858-59 (Knowledge of status as a habitual violator is an essential element of the offense of driving while a habitual violator under K.S.A. 1996 Supp. 8-287. The factfinder may, but is not required to, infer knowledge of status from the fact that notification of status was mailed to the accused at his or her last known address).

*State v. Moffett*, 240 Kan. 406, 728 P.2d 1330 (1986), concerned the question of which address to send a notice of suspension where KDR records contain multiple addresses for a licensee. In *Moffett*, we concluded:

"The Division should be able to rely on its driver's license computer records in determining the address to which to send a notice of suspension. Therefore, the notice should be mailed to the address on the license or application unless superseded by a notice from the license holder pursuant to K.S.A. 8-248 advising the Division of an address change. If multiple notices under K.S.A. 8-248 have been received, obviously, the most recent address thereon is the proper address for the mailing of such suspension notice. The mailing of such notice to such address satisfies the requirements of K.S.A. 1985 Supp. 8-255(b). To hold otherwise could result in a driver with a transient life style being virtually immune from driver's license suspension." 240 Kan. at 408.

To support his due process claim, Thrash points to this court's statement in *Jones* that the presumption of the licensee's receipt of the notice does not arise until after a reasonable time for mail delivery. *Jones* stated:

"We hold (1) that the State must send a copy of the order of revocation or suspension or a written notice thereof to the licensee at the last known address according to the division's records; (2) that when written notice has been mailed, then, *after reasonable time for mail delivery has expired*, receipt is conclusively presumed." (Emphasis added.) 231 Kan. at 368.

Thrash argues that the State cannot presume that the licensee will receive the suspension notice where KDR receives notice of the licensee's change of address within 3 days of the mailing of the notice of suspension. To support his argument, Thrash points out that 3 days is the time provided in Chapter 60 of the Kansas statutes for presuming that a document has been received through the mails. See K.S.A. 1998 Supp. 60-206(e). He opines that it should be apparent to KDR that a mailed notice takes longer than 1 day to be delivered in the ordinary course of the mails. He asserts that if KDR enters a change of address into its records 1 day after mailing a notice, it is more likely than not the licensee will not receive that notice of suspension. Thrash concludes that when the notice is sent to an incorrect address, there is no presumption that a notice of suspension will be received.

We disagree. Upon suspending, revoking, or disqualifying the driving privileges of any person as authorized by the Motor Vehicle Driver's License Act, KDR is required to immediately notify the person in writing. K.S.A. 1998 Supp. 8-255(d). The State need only prove that KDR sent the notice to the licensee to the last known

address contained in the Department's records. KDR has no statutory duty to acknowledge a change of address notification after a suspension notice is mailed. Therefore, KDR's compliance with the notice requirements of K.S.A. 1998 Supp. 8-255(d) was sufficient.

Affirmed.