NOT DESIGNATED FOR PUBLICATION

Nos. 111,874
111,875
112,094

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL KOERNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 15, 2017. Affirmed in part, reversed in part, and vacated in part.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., BRUNS, J., and STUTZMAN, S.J.

PER CURIAM:  This appeal presents three cases, consolidated for the purpose of our review. For the reasons detailed hereafter, we reverse the convictions and vacate the sentences based on K.S.A. 2016 Supp. 8-1025 and affirm the balance of the district court's rulings.

1

FACTS AND PROCEDURAL BACKGROUND

The circumstances that led to Michael Koerner being brought before the district court need not be recounted. All three of Koerner's cases were submitted to the district court for bench trials on stipulated facts, and the court found him guilty of three counts of refusing to submit to a test to determine the presence of alcohol or drugs; three counts of driving while his license was suspended or cancelled; two counts of battery; failure to signal when turning; refusing a preliminary screening breath test; and failing to have two head lamps. The court ordered Koerner to serve consecutive sentences of 18 months in jail in 13CR211, 18 months for 13CR2260, and 30 months for 13CR2261. The court also imposed fines of $2,500 for each refusal to submit to a test to determine the presence of alcohol or drugs; $100 for each count of driving while license suspended or cancelled; $75 for failing to signal when turning; $105 for refusing a preliminary screening breath test; and $45 for failing to have two head lamps. Koerner timely appeals.

ANALYSIS

Koerner asserts four instances of claimed error by the district court: (1) his convictions for refusing to submit to a test to determine the presence of alcohol or drugs were based on K.S.A. 2016 Supp. 8-1025, which he contends is unconstitutional; (2) the district court imposed fines for the test refusal and driving while suspended convictions without making findings on the record in accordance with K.S.A. 2016 Supp. 21-6612; (3) the district court failed to consider community service as a means of payment of the fines imposed; and (4) the evidence in one of his cases was insufficient to sustain his conviction for driving while his license was suspended.

*Constitutionality of K.S.A. 2016 Supp.8-1025*

The district court found Koerner guilty of three counts of violating K.S.A. 2016 Supp. 8-1025, which he contends is unconstitutional. Determining the constitutionality of

a statute is a question of law subject to unlimited review. *State v. Ryce*, 303 Kan. 899, 905-06, 368 P.3d 342 (2016) (*Ryce I*).

In the time since Koerner filed his appeal, the Kansas Supreme Court has twice decided that 8-1025 is facially unconstitutional. 303 Kan. 899, Syl. ¶ 12; *State v. Ryce,* 306 Kan. 682, Syl., 396 P.3d 711 (2017) (*Ryce II*). In *Ryce I*, the court held:

"Applying the Due Process Clause of the Fourteenth Amendment to the United States Constitution, we recognize Kansas has compelling interests in combatting drunk driving and prosecuting DUI offenders. Nevertheless, by criminally punishing a driver's withdrawal of consent, 8-1025 infringes on fundamental rights arising under the Fourth Amendment. K.S.A. 2014 Supp. 8-1025, therefore, must withstand strict scrutiny by being narrowly tailored to serve the State's interests. We hold that K.S.A. 2014 Supp. 8-1025 does not meet this test and is facially unconstitutional." 303 Kan. at 902-03.

Following the release of the opinion in *Ryce I*, the Kansas Supreme Court granted a motion to stay issuance of the mandate pending a decision by the United States Supreme Court in cases addressing similar issues. After the United States Supreme Court decided *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), the Kansas Supreme Court entertained further briefs and argument in *Ryce* and once again found K.S.A. 2016 Supp. 8-1025 to be facially unconstitutional in *Ryce II*.

This court is duty bound to follow Kansas Supreme Court precedent, unless we discern some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). In the brief time since *Ryce II* was decided, we see no sign of departure from that position. Accordingly, since our Supreme Court has declared K.S.A. 2016 Supp. 8-1025 unconstitutional, Koerner's convictions and the associated sentences for violating that statute must be reversed and vacated.

3

*Fines—findings under K.S.A. 2016 Supp. 21-6612*

The district court sentenced Koerner to incarceration and fines for both the test refusals and the driving while suspended convictions. The statutes for both crimes require the district court to impose fines in addition to terms of imprisonment. K.S.A. 2016 Supp. 8-262; K.S.A. 2016 Supp. 8-1025. Koerner argues the district court erred by imposing the fines without making special findings required by K.S.A. 2016 Supp. 21-6612. Since we are reversing the convictions and vacating the sentences for violation of K.S.A. 2016 Supp. 8-1025, we examine Koerner's argument only as it applies to the $100 fines for each of his three convictions for driving while suspended or revoked.

Koerner concedes he did not raise this issue before the district court. He contends, however, that the failure of the district court to follow the procedure in K.S.A. 2016 Supp. 21-6612 makes his sentence illegal because imposition of the fines did not conform to the applicable statutory provisions, allowing the issue to be considered at any time. K.S.A. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015). Interpretation of statutes related to sentencing is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

As a general matter, the following procedure applies:

"(b) The court shall not sentence a defendant to pay a fine in addition to a sentence of imprisonment . . . unless:
(1) The defendant has derived a pecuniary gain from the crime; or
(2) the court finds that a fine is adapted to deterrence of the crime involved or to the correction of the offender.
"(c) In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." K.S.A. 2016 Supp. 21-6612.

Our Supreme Court's analysis and decision in *State v. Copes*, 290 Kan. 209, 224 P.3d 571 (2010), provides guidance on this question. In that case, defendant Mary Jean Copes entered a no contest plea to DUI, fourth offense, pursuant to K.S.A. 2005 Supp. 8-1567(g). K.S.A. 2005 Supp. 8-1567(g) stated that "[o]n the fourth or subsequent conviction of a violation of this section, a person shall be . . . sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500." Copes appealed, arguing in part that the district court erred by imposing a "fine without first determining on the record whether she had the ability to pay" as required by K.S.A. 21-4607(3) (now codified at K.S.A. 2016 Supp. 21-6612). 290 Kan. at 212. The *Copes* court had to determine whether the mandatory fine directed by K.S.A. 2005 Supp. 8-1567(g) could be imposed without making the special findings contained in K.S.A. 21-4607(3).

The Supreme Court noted that, in its review of Copes' argument, a panel of this court held that the more specific statute, requiring a particular fine for a fourth DUI conviction with no provision for waiver, controlled over the general statute that applied to every case involving imposition of a fine. 290 Kan. at 212-13. The Supreme Court agreed, concluding "that the word 'shall' in K.S.A. 2009 Supp. 8-1567(g)(1) makes imposition of a $2,500 fine for a fourth or subsequent driving under the influence conviction mandatory, rather than directory. . . . [T]he specific, more recent requirement of a mandatory fine leaves no room for considering financial resources." 290 Kan. at 222; see also *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009) ("[W]e have often noted that a specific statute controls over a general statute."). Although the amount of the fine was mandatory and did not require consideration of the factors in K.S.A. 21-4607(3), the *Copes* court remanded the case for the district court to consider the method by which Copes could pay her fine. *Copes*, 290 Kan. at 223.

Koerner presents an argument similar to the one raised by Copes, although it deals with a different subsection of the statute. He argues that the district court erred by failing to make the special findings required by K.S.A. 2016 Supp. 21-6612(b) before imposing

5

the fines. As the Supreme Court found in *Copes*, however, we find the specific statutory provisions in K.S.A. 2016 Supp. 8-262 should control. That section mandates a minimum $100 fine with no provision for reduction or waiver for any conditions unique to the defendant who is before the court.

In his brief, Koerner acknowledges the Supreme Court's findings in *Copes* but argues that *Copes* was wrongly decided. As stated above, this court must follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *Meyer*, 51 Kan. App. 2d at 1072. The district court did not err in failing to make a record of findings under K.S.A. 2016 Supp. 21-6612(b) before imposing the mandatory minimum fines for Koerner's convictions for driving while suspended.

*Fines—community service*

For his third issue, Koerner argues the district court erred when it failed to consider community service as an alternative means of payment for the $2,500 fines ordered for each of his refusal convictions. As a part of that argument, he again contends the district court erred when it failed to assess his ability to pay the fines and the financial burden the fines would place on him. Koerner's brief on this issue clearly focuses solely on the fines for the refusal convictions. Since we are reversing those convictions and vacating their sentences, including the fines, the issue is moot.

*Insufficient evidence*

Koerner's final argument is that the evidence in one of his three cases, 13CR211, was insufficient to sustain his conviction for driving while suspended. When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State. "[A] conviction will be upheld if the

court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence." *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015).

Koerner was convicted in 13CR211 following a bench trial on stipulated facts. The facts were limited to those in the affidavit of probable cause. The affidavit states Koerner told the police officer who pulled him over on December 8, 2012, that he did not have a license because it had been revoked. The affidavits in Koerner's other cases, which involved offenses in May 2013, report the driver's license withdrawal notice from the State was dated January 18, 2013. From that, Koerner argues the evidence was insufficient to convict him of driving while suspended in case 13CR211because the State did not provide notice of his driver's license revocation until after he was pulled over and arrested.

When the State restricts, suspends, revokes, or disqualifies a person's driving privileges, it must "immediately notify" that person in writing. K.S.A. 2016 Supp. 8-255(d). The State generally must prove it complied with the statutory notice requirements to sustain a conviction for driving while suspended under K.S.A. 8-262. *State v. Jones*, 231 Kan. 366, Syl., 644 P.2d 464 (1982). However, "[w]hen a defendant has actual knowledge that his or her license has been suspended . . . the State is not required to present direct evidence that there has been compliance with [K.S.A. 8-255(d)] in a prosecution under [K.S.A. 8-262]." *State v. Campbell*, 24 Kan. App. 2d 553, 556, 948 P.2d 684 (1997); see *State v. Hershberger*, 27 Kan. App. 2d 485, 495-96, 5 P.3d 1004 (2000) ("[T]his court has held that the State is not required to prove a proper notice was sent in cases where a defendant has actual knowledge that his or her license has been suspended.").

Koerner had actual knowledge that his license had been suspended, and he communicated that to his arresting officer. The date the notice of suspension or

revocation was mailed, therefore, has no bearing on the proof required for conviction in 13 CR 211. Koerner's actual knowledge of his license revocation, along with the other stipulated facts, provided the district court with a sufficient basis to convict him for driving while suspended.

*Conclusion*

As discussed above, Koerner's convictions and the associated sentences for violating K.S.A. 2016 Supp. 8-1025 must be reversed and vacated to comply with our Supreme Court's holding in *Ryce II*. We find Koerner's other issues, concerning the fines imposed for his convictions based on K.S.A. 2016 Supp. 8-262 and the sufficiency of the evidence to support his conviction in case 13CR211 for driving while suspended or revoked, fail to show error by the district court.

Affirmed in part, reversed in part, and vacated in part.