The Honorable Anthony Hensley State Senator, 19th District 2226 S.E. Virginia Avenue Topeka, Kansas 66605
The Honorable Jim Garner State Representative, 11th District P.O. Box 538 Coffeyville, Kansas 67337
Dear Senator Hensley and Representative Garner:
As the Democratic Leaders for the Senate and House respectively, you request our opinion regarding the time frame for distributing and delivering advance voting ballot applications. Specifically, you ask how it is to be determined that a 48-hour period for delivering advance voting ballot applications to the county election officer has passed.
In 1995, the Kansas Legislature enacted legislation which provided for advance voting, a concept that replaced absentee voting.[1] Absentee voting was available only to registered electors who were absent from their county of residence on election day and registered electors who, because of sickness, disability, or religious beliefs, were unable to vote on election day.[2] Advance voting, however, may be utilized by any registered elector.[3] Advance voting ballots are obtained by filing with the county election officer a signed advance voting ballot application.[4]
During the 2000 legislative session, statutes regarding the manner in which advance voting ballot applications were to be transmitted to the county election officer were amended. Effective May 25, 2000,[5]
persons or groups that distribute advance voting ballot applications and forward them to the county election officer on behalf of the electors are given a time frame within which the applications are to be forwarded to the county election officer.
"Except as provided in K.S.A. 25-1124, and amendments thereto, no person shall interfere with or delay the transmission of any advance voting ballot application from a voter to the county election officer, nor shall any person mail, fax or otherwise cause the application to be sent to a place other than the county election officer. Any person orgroup engaged in the distribution of advance voting ballot applicationsshall mail, fax or otherwise deliver any application signed by a voter tothe county election officer within 48 hours after such application issigned by the applicant."[6]
It is this provision that is the subject of your request.
Applicable rules of statutory construction are set forth in HartfordCas. Ins. Co. v. Credit Union 1 of Kansas.[7]
"The interpretation of a statute is a question of law, and this court's review is unlimited. Hamilton v. State Farm Fire Cas. Co., 263 Kan. 875,879, 953 P.2d 1027 (1998). The fundamental rule to be applied when interpreting a statute is that the intent of the legislature governs, where that intent can be ascertained. Legislative Coordinating Councilv. Stanley, 264 Kan. 690, 702, 957 P.2d 379 (1998). Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should be.In re Marriage of Killman, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). Where, however, the face of the statute leaves its construction uncertain, the court is not limited to a mere consideration of the language used, but may consider the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. See Adams v. St. Francis Regional Med. Center,264 Kan. 144, 156, 955 P.2d 1169 (1998)."[8]
The provision was enacted to alleviate a practice whereby some groups involved in the distribution of advance voting ballot applications were retaining the applications for several days before forwarding the applications to the county election officer. This retention of the applications resulted in some confusion among voters whose receipt of advance voting ballots from a county election officer was delayed because the county election officer had no record of the voters' applications.[9]
The intent of the Legislature is clearly expressed in the language of the provision. The applications are to be forwarded to the proper county election officer within 48 hours after the application is signed by the applicant.
A concern expressed in your request for an opinion is that "the voter, campaign worker, or candidate can not control how quickly an advance voting application is delivered through the mail."[10] Failure to comply with the provisions set forth in K.S.A. 1999 Supp. 25-1128, as amended, constitutes a class C misdemeanor.[11] Criminal statutes are to be strictly construed against the State.[12]
The provision requires that the person or group engaged in the distribution of advance voting ballot applications "mail, fax or otherwise deliver" an application within 48 hours of the signing of such application. "In construing statutes, statutory words are presumed to have been and should be treated as consciously chosen, with an understanding of their ordinary and common meaning and with the legislature having meant what it said."[13] The Legislature has not obligated the person or group engaged in distributing advance voting ballot applications to guarantee that the applications are received by the county election officer within 48 hours of signing by the applicant. The obligation of the person or group ends when the applications are mailed or faxed to the county election officer. After such point, the person or group has no control over the delivery of the applications.
As stated in State statute:
 "It shall be the duty of the secretary of state to prescribe the general forms of advance voting ballots to be used in all primary and general elections and the form of the printed instructions to voters containing a statement of all the requirements of this act, to enable voters to comply with such requirements of this act. Such prescribed forms shall be transmitted to the county election officers 35 days before each primary and general election."[14]
Prior to the enactment of the amendment set forth in L. 2000, Ch. 151, § 2, the forms for advance voting ballot applications prescribed by the Secretary of State did not provide a means to determine when applicants had signed the applications. The advanced voting ballot application forms were revised on May 23 and 30, 2000, by the Secretary of State to include a line for the date on which the application was signed. The advance voting ballot applications must be forwarded to the county election officer within 48 hours of the date set forth on the signature date line.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] See L. 1995, Ch. 192.
[2] See L. 1981, Ch. 167, § 1.
[3] K.S.A. 1999 Supp. 25-1119.
[4] K.S.A. 1999 Supp. 25-1122, as amended by L. 2000, Ch. 151, § 1.
[5] L. 2000, Ch. 151, § 4.
[6] K.S.A. 1999 Supp. 25-1128(b), as amended by L. 2000, Ch. 151, § 2 (emphasis added).
[7] 268 Kan. 121 (1999).
[8] 268 Kan. at 124-25.
[9] See Minutes, Senate Committee on Elections and Local Government, March 16, 2000; Minutes, Senate Committee on Elections and Local Government, March 8, 2000; Minutes, House Committee on Governmental Organization and Elections, February 14, 2000.
[10] Correspondence, Hensley/Garner, July 17, 2000.
[11] K.S.A. 1999 Supp. 25-1128(g), as amended.
[12] State v. Wilson, 267 Kan. 550, 561 (1999).
[13] State v. Martinez, 268 Kan. 21, 31 (1999).
[14] K.S.A. 1999 Supp. 25-1121.